W. M. ALEXANDER, *et als.*, *v.* J. C. KELSO and J. D. TILMAN, Administrator.

POWER OF ADMINISTRATOR TO COMPROMISE DOUBTFUL CLAIMS. Where an administrator was satisfied it was prudent in him to make a compromise, pending a suit, as he had no means of the estate to carry on an expensive suit, and he believed there was real doubt as to his ability to make the party liable:

*Held,* That he has a right to compromise such a case, and in that way promote the interest of his estate.

FROM LINCOLN.

Appeal from the Chancery Court. A. S. MARKS, Chancellor.

NEWMAN and T. W. HOLMAN for Alexander.

LAMB & TILMAN, and J. H. HOLMAN for Tilman, Administrator of Kelso.

NICHOLSON, C. J., delivered the opinion of the Court.

Complainants are creditors of Henry Kelso, who died in September, 1868, and on whose estate J. D. Tilman administered in January, 1869. Some time before his death Henry Kelso loaned to J. C. Kelso, his nephew, three or four thousand dollars in gold, to be used for an indefinite time, and if not returned before Henry Kelso's death, then to be paid over to his widow. At the time this loan was made, Henry

Kelso was heavily indebted, probably to insolvency. After the death of Henry Kelso, and before any administration on his estate, J. C. Kelso paid over to the widow of Henry Kelso about $4,100, in pursuance of his agreement; he paid, also, $300 to Jefferson Kelso, on a note of Henry Kelso, on which J. C. Kelso was surety.

In 1871, W. M. Alexander brought suit in the Circuit Court of Lincoln County against J. C. Kelso, to make him responsible as executor *de son tort* of Henry Kelso, by reason of his having paid over the $4,100 to the widow and the $300 to Jefferson Kelso. Upon the trial of the cause, under the charge of the Circuit Judge, the jury found that J. C. Kelso was not executor *de son tort*. Alexander appealed to the Supreme Court, and while the cause was pending in that Court, Tilman, as administrator of Henry Kelso, and J. C. Kelso, entered into a compromise, by which J. C. Kelso agreed to pay to Tilman $1,500 in the event he gained the case in the Supreme Court, and Tilman agreed, for that consideration, to release him from further liability to Henry Kelso's estate.

The Supreme Court affirmed the judgment of the Circuit Court, whereupon Alexander, and other creditors of Henry Kelso, filed this bill against J. C. Kelso and T. D. Tillman, to set aside the compromise made between them, alleging that it was fraudulent in law, if not in fact, and seeking a decree against J. C. for the amount of money borrowed of Henry Kelso, but asking no decree against Tilman. Chancellor

Marks held that complainants were without equity, and dismissed their bill.

Tilman was required to answer on oath as to the compromise made with J. C. Kelso; he did so, stating that he had no knowledge or information of the transaction between J. C. and Henry Kelso, or of the payment of the $4,100 to the widow of Henry Kelso, until the facts were disclosed in the suit of Alexander, in 1874. After the case had been decided against Alexander, and was pending in the Supreme Court, he was satisfied it was prudent in him to make the compromise, as he had no means of the estate to carry on an expensive suit, and he believed there was real doubt as to his ability to make J. C. Kelso liable. He fully acquits himself of any imputation of fraud or improper conduct in making the compromise. No doubt can be entertained as to his right to compromise a doubtful case, and in that way to promote the interest of his estate. If Tilman had the power to make the compromise, it would operate as a release of J. C. Kelso from further liability to the estate, unless it should appear that it was procured by fraudulent means.

We concur with the Chancellor in the conclusion that the complainants have failed to make out such a case of fraud as entitles them to relief. The decree is, therefore, affirmed, with costs.