RAILROAD v. ACUFF.

### (Knoxville.    October 17, 1892.)

1. ACTIONS.    *By administrator for personal injuries to intestate cannot be compromised by widow.*

   Administrator's suit for personal injuries resulting in his intestate's death, brought on behalf of the "widow and children" of such intestate, cannot be lawfully compromised by the widow alone, without the consent of the administrator or the concurrence of the other beneficiaries.

   Cases cited: Greenlee v. Railroad, 5 Lea, 418; Stephens v. Railroad, 10 Lea, 448; Webb v. Railroad, 88 Tenn., 119; Lewis v. Brooks, 6 Yer., 180, 181.

2. REPLICATION.    *Sufficient to plea of accord and satisfaction without making tender of money received.*

   In a personal injury suit the defendant pleaded accord and satisfaction. The plaintiff replied that the compromise thus pleaded was obtained by fraud and undue influence, but did not tender the money that had been paid on the compromise. The plea did not aver payment of money to the plaintiff. No objection was made to replication for want of such tender. When, upon the trial, it was first suggested that no tender had been made, the plaintiff produced the money in Court, and asked leave to amend replication and make formal tender. The amount was credited on plaintiff's recovery.

   *Held:* Judgment will not be arrested for want of tender of money with replication.

3. AMENDMENT.    *Of pleadings during trial allowed, when.*

   And the Court should have permitted plaintiff to amend his replication and make formal tender during the trial, objection having been then made for the first time.

4. CHARGE OF COURT.    *Requests for additional instruction properly refused, when.*

   The Court does not err in refusing to give additional instructions upon the request of a party, where the instructions are correct as to one

Railroad *v.* Acuff.

count of the declaration but incorrect when applied to another count, and the request is general in terms.

Cases cited and approved: Railroad *v.* Foster, 88 Tenn., 672; Railroad *v.* Smith, 9 Lea, 474; Patton *v.* Railroad, 89 Tenn., 370; Sommers *v.* Railroad, 7 Lea, 201; Railroad *v.* Fain, 12 Lea, 44; Railroad *v.* Wynn, 88 Tenn., 332.

5. RAILROADS. *Correct charge as to observance of statutory precautions.*

Applied to the killing of a deaf and dumb man by a construction train running backwards, the charge is correct in the following language: "Under this statute (§§ 1298–1300 (M. & V.) Code), if the proof shows that the plaintiff's intestate appeared upon the track of the road in front of the running train, then it was the duty of the defendant's employes to have a person on the lookout ahead to sound the whistle, put down the brakes, and use every possible means to stop the train and prevent an accident."

Code construed: §§ 1298–1300 (M. & V.); §§ 1166–1168 (T. & S.).

Cases cited and approved: Patton *v.* Railroad, 89 Tenn., 370; Railroad *v.* Foster, 88 Tenn., 672; Railroad *v.* Wilson, 90 Tenn., 271.

---

FROM KNOX.

---

Appeal in error from Circuit Court of Knox County. S. T. LOGAN, J.

WASHBURN, TEMPLETON, PICKLE & TURNER for Railroad.

NELSON & ROGERS for Acuff.

CALDWELL, J. Robert Acuff, a deaf and dumb man, while walking upon the track of the Knoxville, Cumberland Gap and Louisville Railroad

Company, was overtaken, run over, and killed by a construction train.

Claiborne Acuff, administrator of the deceased, brought this action against the railroad company for the negligent and wrongful killing of his intestate, and obtained a judgment for one thousand dollars.

The railroad company appealed in error.

The administrator brought the suit under Code (M. & V.), § 3130, "for the use and benefit of the widow and children" of his intestate.

The declaration was filed October 29, 1890, and, on November 1, 1890, the railroad company filed a plea of not guilty. On January 8, 1891, it filed a plea of accord and satisfaction, averring that on "December 3, 1890, the defendant paid to Bettie Acuff, the widow of Robert Acuff, deceased, the sum of one hundred dollars, which she accepted in full satisfaction of all claim and demand she, in right both of herself and her children, had against the defendant for the killing of said Robert Acuff;" and that the said settlement with said widow is a bar to this suit, and a satisfaction of all legal claim for damages by reason of said killing."

The administrator demurred to this plea on two grounds: (1) That the widow had no legal right or power to compromise his suit; (2) that, if she could compromise it as to her own interest, she could not compromise it as to the interest of the children.

The demurrer was overruled by the Court.

That action was erroneous. The demurrer was good, and should have been sustained.

It is true the widow had the first right to sue, and that, if she had availed herself of that right, she could have compromised and disposed of her suit as she pleased, without let or hinderance from any one. Code, §§ 3130 and 3132; *Greenlee* v. *Railroad Company*, 5 Lea, 418; *Stephens* v. *Railroad Company*, 10 Lea, 448. But it by no means follows that she had the power to compromise this action brought by another person.

She waived her prior right by permitting the administrator to sue without objection on her part. *Webb* v. *Railroad Company*, 88 Tenn., 119.

This suit was instituted by the administrator, and in his name. It was his suit, and, being so, he alone had the right to control it. Therefore, one of the beneficiaries, the widow, had no power to compromise the litigation without his consent.

Again, he brought the suit, as he should have done, for the joint benefit of the widow and children of his intestate, and both she and they were rightfully interested in the anticipated recovery. Code, §§ 3130, 3131, 3132; *Greenlee* v. *Railroad Company*, 5 Lea, 419, 420; *Webb* v. *Railroad Company*, 88 Tenn., 119.

One of these beneficiaries certainly had no power to compromise the administrator's suit without the concurrence of the other beneficiaries. Such concurrence is not averred in the plea.

Then, the compromise, as averred, was inoperative for two reasons: (1) Because made without the assent of the plaintiff in the suit; and (2) because not concurred in by all the beneficiaries.

We do not intend, by any thing herein, to decide or intimate that the widow and children, if all of them were *sui juris* and concurring therein, could compromise the suit of the administrator without his consent. That question is not before us.

This Court held, in *Lewis* v. *Brooks*, 6 Yer., 180, 181, that distributees, as such, could not compromise the administrator's suit without his consent.

After his demurrer was overruled, the plaintiff filed two replications to the plea of accord and satisfaction—the first one being a simple denial of the truth of the plea, and the other averring that the compromise agreement, if ever made, was procured by fraud and undue influence. On this latter replication the defendant joined issue. Upon the issues thus made up, the parties went to trial before Court and jury, with the result already stated.

The railroad company has assigned several errors. The last in order will be considered first. It is that the Court erred in refusing to arrest the judgment. The ground of the motion in arrest was that the plaintiff did not tender with his second replication to the plea of accord and satisfaction the sum received by the widow from the railroad company in the alleged compromise.

Railroad *v.* Acuff.

There are three sufficient answers to this assignment, namely :

*First.*—The plea did not aver that the defendant had paid any money to the administrator, the plaintiff in the suit.

*Second.*—If a tender had been necessary in the first instance, the defendant waived it by joining issue on the replication.

*Third.*—When attention was first called to the fact that the tender had not been made, plaintiff's counsel paid into Court, as a tender, the sum received by the widow, with interest, and, before the jury retired to consider of their verdict, moved the Court to be allowed to so amend the replication as to make a formal tender of the money.

The amendment was refused, presumably on the ground that the Court did not think it necessary to the sufficiency and efficacy of the replication. Had it been a proper case for a tender, or one requiring it to make the replication good, the Court should have allowed the amendment.

The Court adjudged that the recovery be credited with the amount paid the widow, and interest thereon, awarding execution for only eight hundred and ninety-four dollars. The defendant certainly was not entitled to more, either under the pleadings or the proof with reference to the alleged compromise.

Most of the other assignments relate to the action of the trial Judge in refusing to submit to the jury, as parts of his charge, several proposi-

tions of law presented by counsel for the railroad company. As these propositions concern only the alleged compromise with the widow, and the failure of the plaintiff to tender with his replication the money received by her, it is not necessary that they should be noticed in detail. It is sufficient to say of them that, whether sound or not abstractly, they become entirely immaterial and inapplicable in this case, in view of the widow's inability to make a binding compromise of the suit, and what has already been said with respect to the question of tender.

For reasons heretofore stated, the questions of compromise and tender should have had no part in the trial of this case; and hence, if any error had been committed in the matter of charge with respect thereto (which is not decided), that error could not be otherwise than immaterial and without prejudice to the railroad company.

It is assigned as error that the Court refused to charge as follows: "If the jury shall find that the deceased was deaf and dumb, and shall further find that on the morning of the killing he was warned of unusual danger from walking the track, by reason of the irregular running of a construction train, or for any other cause, and advised to take the dirt road, and still deceased, regardless of the warning, chose to walk on the railroad track, knowing that he could hear no signal, this would be such negligence as would bar recovery, and you should so find."

The record recites that the Court refused to give this instruction, "because counsel asked that it be applied to both counts of the declaration." The reason given sustains the action of the Court.

The declaration contained two counts—one for negligence at common law, and the other for failure to observe statutory precautions for the prevention of accidents when obstructions appear upon the track.

Contributory negligence might have defeated the common law action, but not that based upon the statute. As to the latter, it could be considered only in mitigation of damages. *Railroad Company* v. *Foster*, 88 Tenn., 672; *Railroad Company* v. *Smith*, 9 Lea, 474; *Patton* v. *Railroad Company*, 89 Tenn., 370.

Therefore, while the instruction requested may have been good law as applied to the first count, it was manifestly not so with respect to the second count, and the Court properly refused to give it.

To authorize a reversal on account of the refusal of the trial Judge to give an instruction requested, that instruction, *as written*, must be strictly accurate and applicable to the case in hand; especially if it relate to a subject embraced in the general charge, as was true here. *Sommers* v. *Railroad Company*, 7 Lea, 201; *Railroad* v. *Fain*, 12 Lea, 44; *Railroad* v. *Gurley*, *Ib.*, 59; *Railway Company* v. *Wynn*, 88 Tenn., 332.

The Court had already told the jury what would defeat the common law action, and, in a

3—8 p

separate paragraph, what would defeat the statutory action, and to those parts of the charge no objection is made.

Finally, error is assigned upon the charge given as to the second count in the declaration. After appropriately quoting §§ 1298, 1299, and 1300 of the Code as forming the basis for that count, the Court said: "Under this statute, gentlemen of the jury, if the proof shows that the plaintiff's intestate appeared upon the track of the road in front of the running train, then it was the duty of the defendant's employes to have a person on the lookout ahead to sound the whistle, put down the brakes, and use every possible means to stop the train and prevent an accident."

That instruction is supported by a long and unbroken line of decisions. See *Patton* v. *Railroad Company*, 89 Tenn., 370; *Railroad Company* v. *Foster*, 88 Tenn., 672, and cases therein cited.

That the train, in this case, was made up and operated, at the time of the accident, with the engine behind and pushing the cars, can make no difference; for the statute is applicable whether the train be moving backward or forward, with engine before or behind. *Railway Company* v. *Wilson*, 90 Tenn., 271.

Affirm, with costs.