Lane v. Dayton, etc., Co.

LANE v. DAYTON, ETC., CO.

(*Knoxville.* January 20, 1899.)

1. ACCORD AND SATISFACTION. *Bars infant's action for damages.*

It is a good defense to an infant's action at law for damages, that she had, before the institution of her suit, accepted a valuable consideration from defendant, in full satisfaction of her claim, which she still retained, undisposed of, and did not offer to return or account for otherwise than by crediting same on any recovery that she might obtain.

Cases cited: Wiley v. Heidell, 12 Heis., 99; McGan v. Marshall, 7 Hum., 121; Scott v. Buchanan, 11 Hum., 468; Swafford v. Ferguson, 3 Lea, 294; Hook v. Donaldson, 9 Lea, 56; Grace v. Hale, 2 Hum., 27; Smith v. Evans, 5 Hum., 70; Parker v. Elder, 11 Hum., 546; Nichol v. Stegar, 6 Lea, 396; Pilcher v. Smith, 2 Head, 208; Hilton v. Duncan, 1 Cold., 321; Wright v. Duffield, 2 Bax., 222; Aiken v. Suttle, 4 Lea, 120; Bradshaw v. Van-Valkenburg, 97 Tenn., 323.

Questions reserved: (1) Whether an averment that the consideration received by the infant in satisfaction of claim had been squandered, or was not on hand, will excuse tender or return of the amount. so as to enable her to sue. (2) Whether infant can, during minority, disaffirm compromise and bring action at law.

---

FROM RHEA.

---

Appeal in error from the Circuit Court of Rhea County. · JAMES G. PARKS, J.

B. G. McKENZIE and FRAZIER & SWAFFORD for Lane.

BURKETT, MILLER & MANSFIELD for Dayton Coal & Iron Co.

SNODGRASS, C. J.   This is a suit at law by an infant for damages alleged to have been sustained by the negligent killing of her husband.   Defendant's eighth plea was accord and satisfaction—that it had paid plaintiff $150 in cash and other consideration, aggregating $200, in full satisfaction of her claim, before the institution of this suit.   The plaintiff demurred to this plea on the ground that the declaration showed that plaintiff was, and still is, an infant, and hence was not bound by such an executed contract, and was not bound to refund, or tender with the plea, the consideration received; but she averred a willingness to let the amount received go as a credit on the judgment now sought, if one is obtained.   The Circuit Judge overruled the demurrer, and, plaintiff declining to plead further by way of replication, or pay or tender the consideration received, final judgment was rendered for defendant, and plaintiff appealed in error.

Here it is assumed, in argument, that plaintiff may, as a minor, and before attaining majority, repudiate an executed contract of this character, and then insisted that she may do so without refunding or tendering the consideration received, and that this is especially true where the controversy is not in

equity, but at law, as in this case; and, further, that if an infant sues for rescission or in any form of pleading attempts to rescind an executed contract of her own, made during minority, she is not bound to restore the consideration received if it has been squandered or is not on hand at the time of the repudiation of the contract, and in support of these positions several authorities are cited.

How this last proposition is, and whether it could have recognition as law in this State, we need not decide. There was no replication to the plea, averring that any part of the consideration had been squandered or was not on hand when the suit was brought or plea filed, and no defense, except by demurrer, relying on the declaration-averred infancy of plaintiff. The plaintiff expressly declined to plead further, though ordered to do so by the Court.

As to the other proposition, that the plaintiff might repudiate an executed contract, either in a court of law or equity, without refunding or tendering the consideration received, plaintiff is in error. In a case like the present, where the contract, if between persons of full age, would have been valid, and, as to an infant contractor, would, at most, have been merely voidable—nothing else appearing— there could be no repudiation without repayment or tender of consideration received. On this question, as precisely stated, there is no distinction in the rule applied, whether in a court of law or equity, and whether its application is made to an effort to

rescind during infancy or after majority. We have a case holding that, where an infant, by bill in equity, sought relief against a void contract of its ancestor in reference to real estate, no tender of the amount received by the ancestor was essential, but the property, being, of course, always in actual existence, may be charged, on final decree, with the consideration, and repayment or tender in advance excused. *Wiley* v. *Heidell*, 12 Heis., 99. But that case, and those like it, are not authority here, because that was not one where the infant received the consideration, but where the ancestor received it, and on a void sale of real estate.

In the case before us it is obvious, even if it were one of equity cognizance and brought in equity, that such relief could not be assumed as proper or appropriate, because there may never be anything due plaintiff on the original claim and no property or recovery, therefore, on which a lien could be declared. Whether, in this State, a minor, through a next friend, can repudiate at all a merely voidable executed contract as to personalty, or must wait until after his or her majority, we need not determine. It has been decided that a minor cannot thus repudiate such a contract as to realty. *McGan* v. *Marshall*, 7 Hum., 121; *Scott* v. *Buchanan*, 11 Hum., 468; *Swafford* v. *Furgeson*, 3 Lea, 294 *Hook* v. *Donaldson*, 9 Lea 56; 10 Am. & Eng. Enc. L., 643, and note (1 Ed.).

In some jurisdictions it is held that a different

rule prevails as to personalty. Many authorities are collected on this point in 10 Am. & Eng. Enc. L., 637, 643, and notes (1 Ed.). In second note of last page, a Tennessee case is cited, on affirmative proposition that the infant can before majority repudiate an executed contract as to personalty. *Grace* v. *Hale*, 2 Hum., 27. But the case is not authority for the proposition. It was, in fact, allowed there, but no question as to the right to repudiate was made. It seems to have been conceded by the parties, and other questions presented for decision. But whether or not there be a distinction in this State as to merely voidable contracts in respect to personalty and realty, as to time of repudiation and as to return of consideration, there is no sound rule enforced anywhere in which this plaintiff in the state of the pleadings in this case is entitled to recover or to reverse the action of the Circuit Judge by a showing of affirmative error.

Without regard to manner or time of her effort to repudiate, there is lacking such essential act and pleading as would give title to relief, under such general rule, as might be applied amid the diversity of judicial opinion on the several questions, or phases of the question, presented. Such a general rule is well stated in the editor's first note to the case of *Englebert* v. *Pritchett*, 26 L. R. A., 177, as follows: "The rule which comes the nearest to being general is, that all consideration which remains in the infant's possession upon his reaching majority, or at

the time of an attempted disaffirmance in case he is still under age, must be returned, but that disaffirmance will not be defeated by inability to return what he has parted with prior to such time. He will not be permitted to regain what he parted with, or refuse payment while still possessed of what he received. There have been many distinctions attempted between executory and executed contracts, and between seeking relief at law and in equity, but, with only a few exceptions, the rule as stated above has governed the decision, regardless of the facts relied on as distinguishing facts. There is no substantial ground for a distinction as to the rule to be applied, although there may be as to the manner of its application."

On the merits, as to refunding or tendering, with some distinctions as to time and special facts, the Tennessee cases, so far as they go, rightly understood, are in accord. 5 Hum., 70; 11 Hum., 546; 6 Lea, 396. The rule is the same in case of married women and lunatics. 2 Head, 208; 1 Cold., 321; 2 Bax., 222; 4 Lea, 120; 13 Pickle, 323.

We conclude there is no error in the judgment of the Circuit Court, and it is affirmed with costs.