Prater, Admr., *v.* Marble Co.

---

PRATER, ADMR. *v.* MARBLE CO.

*(Knoxville.   October 20, 1900.)*

1. PLEADING AND PRACTICE.   *No replication allowed to plea of accord and satisfaction, when.*

Where, in an administrator's action for personal injury causing death of his intestate, the defendant pleads accord and satisfaction with the widow, it is not permissible for the plaintiff to reply either denying the fact and existence of such accord and satisfaction, or averring that it was void for fraud.   This must be done in conjunction with the widow or by her alone in some appropriate proceeding.

Cases cited: Holder *v.* Railroad, 92 Tenn., 141; Greenlee *v.* Railroad, 5 Lea, 418; Stephens *v.* Railroad, 10 Lea, 448.

2. SAME.   *Final judgment entered for want of pleading, when.*

And, where, in an administrator's action for personal injury causing his intestate's death, the defendant pleads not guilty, on which issue is joined, and also accord and satisfaction with the widow, to which plaintiff replied (1) no accord and satisfaction, and (2) that if there was it was obtained by fraud, the Court, upon sustaining demurrer to the replications as containing matter that the widow alone could set up, upon plaintiff's failure or inability to offer any other replication, proceeds to enter final judgment dismissing the action without trial upon the issue of not guilty.

---

FROM KNOX.

---

Appeal in error from Circuit Court of Knox County.   JOSEPH W. SNEED, J.

Prater, Admr., *v.* Marble Co.

V. A. HUFFAKER and WASHBURN, PICKLE & TURNER for Prater.

J. C. J. WILLIAMS and CORNICK & CORNICK for Marble Co.

WILKES, J.   The plaintiff's intestate died as the result of injuries received while in the employ of the defendant company, leaving a widow. She compromised her right of action and gave the company an acquittance and discharge of any cause or causes of action, claims and demands, against it arising or growing out of the death of her husband.

Thereafter plaintiff procured letters of administration on the estate of the decedent and brought suit as administrator. There was a plea of not guilty, and accord and satisfaction on the part of the widow, which was set out in writing with the plea.

Issue was joined on the first plea and as to the second there was a replication denying the accord and satisfaction and averring that if an acquittance was executed she was in ignorance of its contents and it was obtained by fraud and misrepresentation.

On the suggestion of the trial Judge that the second plea tendered an immaterial issue and made a departure in pleading, the rejoinder to the replications was withdrawn and they were demurred to, and the demurrer sustained.

21 P—32

Another replication was then filed in substance that the widow had made no compromise, and that she did not execute the instrument or receipt set out in the plea. To this replication there was also a demurrer claiming that the administrator could not set up that the discharge and acquittance was not executed by the widow; that the replication was in effect a plea of *non est factum* and could be interposed only by the party alleged to have executed it; that the alleged instrument could not be assailed at law for fraud or duress, but could only be set aside by proper proceeding in equity.

This demurrer was sustained, and the plaintiff declining to make any further response to the plea, judgment by default was taken and the suit was dismissed. Plaintiff appealed to this Court, and has assigned as errors that the Court should not have sustained the demurrers.

The demurrers rest practically on the same ground,—that the administrator has no right to question the settlement made by the widow, but that such defense is personal to the party executing the paper.

We are of opinion that under our statutes and the rulings of this Court that the right of action for the death of the husband rests primarily in the widow. She has the primary right of suit. She not only has power to compromise a pending suit but likewise to compromise the entire

right of action before suit is brought and to receive the amount stipulated for and execute an acquittance and discharge, and such compromise is binding. *Holder* v. *Railroad,* 8 Pick., 141; *Greenlee* v. *Railroad,* 5 Lea, 418; *Stephens* v. *Railroad,* 10 Lea, 448.

But the question recurs, Can the administrator, when the defense of settlement by the widow is interposed, be allowed to say that it was not in fact entered into or that it was procured by undue measures. It is said that if this be held, then the defendant can interpose a forged paper acquittance or one procured by fraud, and defeat any recovery.

While there is something in this suggestion it is stating the case too strongly. If the acquittance attempted to be interposed is really and in fact a forgery, or has been procured by duress or fraud as against the widow, it would only require that by proper proceeding she contest the same either for herself or with the administrator. We need not decide now whether this must be done in a Court of Equity or can be done in a law Court. It is sufficient to say that she may in her own proper person and by proper proceeding set up the fact if it exists.

The replication in this case, while sworn to, is not equivalent to a plea of *non est factum;* first because it is not made by the party whom it is alleged executed the paper, and, second, it

does not state that the instrument was not executed by the widow nor by any one authorized to bind her in the premises. The real matter intended to be interposed is not that she did not execute the paper, but that it was obtained by fraud and misrepresentation. This is matter which we think can be set up by the widow alone or in conjunction with the administrator, and not by the administrator alone. For aught the Court can see the widow does not consider that the compromise was obtained unduly. She may not desire to disturb the settlement. She may be content with the compromise, and, being solely entitled to the recovery, as she is in this case, and having the power to give an acquittance, the administrator cannot control her discretion to thus dispose of her rights in the matter without her consent and co-operation.

We are of opinion, therefore, there is no error in the record and judgment of the Court below, and it is affirmed with costs.

### BRIEF ON PETITION TO REHEAR.

*To the Honorable Supreme Court of the State of Tennessee:*

Your petitioner, W. W. Prater, administrator, the plaintiff and appellant, respectfully shows unto the Court that he is much aggrieved by the opinion and decision of this Court, rendered herein on October 20, 1900, and the judgment in pursuance

thereof, affirming the judgment of the Court below, and dismissing his suit. This decision is based upon erroneous conclusions both of fact and of law in the particulars hereinafter shown.

Your Honors find and state as facts that the widow of the plaintiff's intestate compromised her right of action and gave an acquittance and discharge of any cause or causes of action, claims and demands, against the defendant, arising and growing out of the death of her husband, and that thereafter the plaintiff procured letters of administration on the estate of the deceased and brought suit as administrator, and upon these supposed facts rest the decision of this case; whereas, the facts as disclosed by the record are just the reverse of this statement. The supposed facts rest upon the averments of defendants' plea alone. The paper purporting to be an acquittance is not in the record. It is merely set out by averment in the plea.

Your Honors have fallen into this error of law: You have given to the defendant's demurrer to the plaintiff's replication the effect of admitting the truth of all the allegations in the defendant's plea of accord and satisfaction; whereas, the demurrer admits the truth of the replication, and not of the plea, and the replication explicitly denies the allegations of the plea.

Therefore the undisputed and admitted facts in this record are that the widow of the plaintiff's

intestate did not compromise her right of action, and did not give the defendant an acquittance and discharge of any cause or causes of action, claims and demands, against it, arising and growing out of the death of her husband.

Again, your Honors, erroneously treating this demurrer to this replication as a demurrer to the plea, have held that the facts stated in the plea constitute a good defense to the plaintiff's suit, and, as though that defense had been fully sustained by proof, proceeded to dismiss the plaintiff's suit. That this plea presents a good defense, the plaintiff admitted by not demurring, and by filing a replication thereto. That the facts as stated in that plea are true, is a wholly different proposition, and this he seeks to controvert, and put in issue; but that right, by your Honors' decision, is denied him. He seeks also the right—constitutional right—of having that issue of fact submitted to a jury for trial; but your Honors' decision denies him that right. Indeed, it adjudges these facts against him without issue, without trial, without proof, and in the face of the defendant's admission by demurrer that they are not true.

The results of this decision are much more far-reaching and serious than the mere dismissal of this suit, and therefore we respectfully submit that it deserves further serious consideration. If it is sustained, it renders it impracticable for an administrator,

notwithstanding his statutory right thereto, to maintain a suit for fatal injuries to his intestate, where the deceased leaves a widow or children, who may in the first instance bring the. suit or compromise or settle the right of action.

It is an anomaly in pleading and practice that a defendant can offer any plea to the plaintiff's declaration which alleges a good defense to the suit, and yet the plaintiff cannot controvert its allegations and make an issue thereon. Here it is held that an accord and satisfaction with and by the widow is a good defense to a suit by the administrator, but that no one save the widow herself can controvert the facts alleged by the plea. She cannot controvert them in this suit, for the very good reason that she is not a party to the suit. Therefore the administrator, the plaintiff, must of necessity hold his peace, admit by his silence the truth of the plea, and let his suit be dismissed. The administrator cannot compel the widow to become a party.

The result is that to every such suit the defendant need only offer such a plea, and without more the suit ends. The defendant need not even forge an acquittance and discharge from the widow. He need only to aver one in his plea, and that averment cannot be denied by the plaintiff, and therefore defendant can never be put to the proof of his averment. This will be the only self-proving plea know to the practice.

---

Prater, Admr., v. Marble Co.

---

If we are right in our conception of the logical results of this decision, we respectfully suggest that they must have escaped this Honorable Court's attention, and that it does not intend to establish such a rule of pleading and practice.

For the errors aforesaid, we pray the Court to rehear this case and reverse its former decision.

WASHBURN, PICKLE & TURNER,
Attorneys for Plaintiff.

### OPINION ON PETITION TO REHEAR.

WILKES, J. This is a petition to rehear, based upon the ground that the Court has mistaken both the law and facts on the original hearing. If this be true the petitioner is entitled to relief. The error of law alleged is this: The suit was brought by the administrator to recover damages for the death of his intestate, for the benefit of the widow. The defendant interposed a plea that the widow had compromised and settled her claims against the company, and what purported to be her written acquittance was filed with the plea and made part of it. There was a replication to this plea denying that there was any accord and satisfaction, and in the alternative, that if an acquittance was executed by the widow she was in ignorance of its contents and meaning and it was obtained by fraud.

This replication was demurred to and the demurrer was sustained. Thereupon another replica-

tion was filed, substantially the same as the first, and making virtually a plea of *non est factum*. though defectively stated, to · the written acquittance filed. This was also demurred to, and this demurrer sustained. Thereupon the record states that defendant, by attorney, moved for a judgment by default against the plaintiff for want of replication to the plea, and the plaintiff's attorney declined to make further replication than as had been already filed, and judgment by default was taken and the suit was dismissed.

As we understand the petition to rehear, the insistence is that the demurrer admitted the truth of the matters stated in the replication, while it is alleged this Court held it in effect to be an admission of the truth of the plea.

It is true the demurrer to the replication admitted the truth of its statements, but this admission, as in all cases of demurrer, was only for the purpose of testing the sufficiency of the replication. It does not extend beyond that. The replication having been declared bad on demurrer, passes out of the record as though it had never been filed, except for purposes of review. It has been reviewed in this case and found to be bad. After the replication was thus disposed of, plaintiff was given the opportunity to make further defense or answer to the plea but declined to do so, and judgment by default was taken against him in the absence of further defense. So that

the admission of the truth of the plea was made by plaintiff himself by refusing to reply to it. It results that the facts as admitted by plaintiff himself on his default are that the widow did make the accord and satisfaction as the plea alleges.

Plaintiff complains that this Court held that the plea constituted a good defense and proceeded to dismiss the plaintiff's suit as though the plea had been sustained by the proof. The plaintiff's suit was dismissed because the plaintiff himself refused and failed to deny the truth of the plea after his insufficient replication had been successfully demurred to, and for all purposes in the Court below stricken out. Plaintiff in his petition states that he admitted the sufficiency of the plea as a defense by not demurring to it, but that the truth of the plea is a wholly different matter and he desires to controvert and put that in issue.

But that is exactly what he was called on to do in the Court below, viz., to put the plea in issue, but he declined to do so, and default was taken. He not only declined to put the truth of the plea in issue but made no complaint in the Court below that it refused to allow him to do so. He could not assign such complaint, as the record shows he was invited to put it in issue properly after his insufficient replication was rejected, and he refused to so do.

Prater, Admr., *v.* Marble Co.

It is true the facts are adjudged against him, without issue, without trial, without proof, as he states, but it was wholly upon the ground that he refused to controvert them by a proper replication.

Now, as to the merits of the case, that has already been passed upon, and the objections made to the holding of the Court now were fully considered and passed on on the original hearing.

It is said the widow cannot in this suit controvert the fact of a settlement and compromise by her, for she is not a party to the suit. She is the sole beneficiary. No one else has any interest in the suit and can have none in the recovery. If she wishes to controvert the fact that she has compromised, she can certainly do so by proper proceeding by herself or in conjunction with the administrator, as was said in the original opinion, but the administrator cannot compel her to repudiate her settlement and permit a suit to be brought for her use not withstanding such settlement.

We cannot see that the right of any widow to question a compromise said to have been made by her is involved. The question decided is, that an administrator cannot do so unless she joins with him or in her own right seeks to avoid it.

The petition is dismissed.

Judge Caldwell dissents.