IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## WESTERN DIVISION.

## JACKSON, APRIL TERM, 1906.

MEMPHIS STREET RAILWAY CO. *v.* GIARDINO.

(*Jackson.* April Term, 1906.)

1. **ACCORD AND SATISFACTION.** May be set aside for fraud in an action at law.

It is settled in this State that fraud in procuring a release may be set up as against a plea of accord and satisfaction in an action at law, without resorting to a court of chancery for relief.

Case cited and approved: Brundige v. Railway, 112 Tenn., 526.

2. **SAME.** Rescission of, even for fraud, defeated by laches.

The right to rescind a contract for fraud must be exercised immediately upon its discovery, and delay in repudiating the contract, coupled with a retention and use of the property received thereunder, will be deemed an election to ratify it.

Cases cited and approved: Knuckolls v. Lea, 10 Humph., 577; Ruohs v. Bank, 94 Tenn., 57; Woodfolk v. Marley, 98 Tenn., 467; Kerns v. Perry (Tenn. Ch.), 48 S. W., 729; Landreth v. Schevenel, 102 Tenn., 486; Talbott v. Manard, 106 Tenn., 61; Schiffer v. Deitz, 83 N. Y., 300; Gould v. Bank, 86 N. Y., 75; Towns, Admr., v. Waldo, 62 Vt., 118; Hart v. Gould, 62 Mich.,

( 368 )                                        [116 Tenn.

Street Railway Co. v. Giardino.

262; Wells v. Neff, 14 Or., 66; Crippen v. Hope, 38 Mich., 344; Richmond Co. v. Hayes, 83 Ga., 558; Gibson v. Railroad, 164 Pa., 142.

**3. SAME. Same. Case in judgment.**

Action for personal injuries occasioned by negligence. Defendant pleaded accord and satisfaction entered into before suit. Plaintiff replied that the release was procured by fraud, but, with full knowledge, he retained the money paid him as the consideration of said release for two years and until compelled to pay it into court to sustain his replication filed without tender of the money so paid him.

Held: Plaintiff had ratified the settlement and was estopped from attacking it for fraud.

**4. SAME. PLEADING. Replication attacking a release for fraud is insufficient in law, unless accompanied by tender of money received under it.**

A return or tender of the consideration received under a contract is a condition precedent to exercising the right to attack it; therefore, in an action for personal injuries, where the defense is accord and satisfaction, based upon a release executed by plaintiff, in consideration of money paid him, which plaintiff seeks to repudiate for fraud in its procurement, he must pay into court, or tender, the amount paid him with his replication and a replication filed without such payment, or tender, does not entitle him to disaffirm the settlement and is insufficient in law.

Case cited and approved: Lane v. Dayton Coal & Iron Co., 101 Tenn., 581.

Case cited and distinguished: Railroad v. Acuff, 92 Tenn., 26.

---

FROM SHELBY.

---

Appeal in error from Circuit Court of Shelby County. —A. B. PITTMAN, Judge.

EWING & WILLIAMSON, for Railway Co.

JOHN E. BELL and W. H. COX, for Giardino.

MR. JUSTICE WILKES delivered the opinion of the Court.

This is an action for damages for personal injuries. There was a trial before the court and a jury; and a verdict and judgment for $750.

It appears that the plaintiff entered into an agreement of accord and satisfaction with the company before the bringing of the suit. This agreement was made on the same day the accident occurred, and about an hour or two after it happened; and this suit was commenced on the same day by plaintiff's taking the pauper oath, about five or six hours after the accident, and four or five hours after the agreement for the settlement had been made. There is evidence tending to show that both when the agreement of settlement was made and when the oath was taken the plaintiff was in an unconscious condition.

Plaintiff insists that the release on the settlement was procured with undue haste, and the defendant that the suit was brought with undue haste; and upon these features of the case, we heartily agree with both counsel.

The defendant, among other pleas, set up the accord and satisfaction, to which the plaintiff replied that it was fraudulently procured, and was void. This replica-

tion was amended; and as finally put to the court, and passed on by it, was as follows:

"Comes now the plaintiff and by leave of the court files this, his amended replication to defendant's plea of settlement, and for amendment says:

"First. That at the time of said settlement he was in a semiconscious condition, suffering severe pain and agony, with his mind clouded from the effects of the injury; and that the defendant took advantage of his condition to procure the same.

"Second. That his injury was severe, and to compensate him would take several thousand dollars, and that the amount which was paid to him, or to another for him, to wit, $50, was so grossly inadequate as to shock the mind and conscience, and for that reason should be held for naught.

"Third. That the plaintiff at the time of said settlement, in addition to his physical and mental disability, was an illiterate foreigner, who spoke the English language with great difficulty and imperfectly, and who understood the English language so little that he did not understand the import of said settlement; that he was not upon equal terms with the defendant, and did not understand and know his rights in the premises, and this the plaintiff is ready to verify."

The defendant moved to strike out this replication. This motion appears to have been made September 26, before the evidence was heard. It was strenuously insisted upon, and as warmly contested, and much argu-

ment was indulged in, the defendant insisting that the replication was insufficient, and that the suit should be dismissed, because the $50 paid on the accord and satisfaction were not paid or tendered into court, and for other reasons; and the plaintiff insisting that no payment or tender was necessary, because the agreement was procured by fraud, and when the plaintiff was unconscious, and that it was absolutely void.

The court overruled the motion to strike out at that time, saying that if at a later stage it should appear that he had made a mistake, or that the failure to pay back the $50 was fatal to plaintiff's effort to recover, he would so charge the jury.

Thereupon witnesses were examined. The next morning the trial judge decided that there must be a tender of the money with the replication to make it good, and reargument of the question was resumed by the counsel for plaintiff, he still insisting that no tender or payment was necessary or could be required.

Counsel for the company at this stage of the proceeding moved for peremptory instructions on the pleadings and plaintiff's evidence that the suit be dismissed.

The court thereupon said he had not finally decided the question of the necessity of payment or tender, but only expressed his opinion, and that he would hear the motion for peremptory instructions at the proper time.

Thereupon argument was resumed upon the question of the necessity of tender or payment, and quite a number of authorities were cited. Counsel for the defendant

company insisted on his motion for peremptory instructions, and the court held that he could not give peremptory instructions until plaintiff had closed his evidence.

Thereupon counsel for plaintiff paid into court the $50, and interest, to which the counsel for defendant objected, on the ground that the plaintiff had ratified the settlement, by not tendering or paying it into court with his replication. The objections of defendant's counsel were overruled, and the $50 and interest being paid into court, the examination of plaintiff's witnesses was proceeded with.

After plaintiff had introduced all his evidence defendant's counsel renewed his motion for peremptory instructions which the court declined to give, and counsel excepted; and defendant thereupon produced its evidence, and at the conclusion of its evidence again moved the court to give peremptory instructions, and based his motion upon the grounds that the plaintiff accepted the compromise and retained the money for two years with full knowledge of all the facts, and did not repudiate it, and acted with his eyes open, and on such advice as he sought for himself. The court again refused to give.the peremptory instructions.

It is assigned as error, among other things, as follows:

"(1)   The court erred in overruling the defendant's motion to strike the plaintiff's replication and amended replication from the files because there was no tender made of the money received by the plaintiff.

"(2)   The court erred in allowing the plaintiff to

amend his replication so as to tender this money back in the progress of the trial, and after the plaintiff had refused to tender it at the beginning of the trial, and before any of the evidence had been adduced.

"(3)   The court erred in refusing to grant a peremptory instruction in favor of the defendant because (1) there was no tender made of the money received by the plaintiff in settlement of his claim; (2) the plaintiff received the money and retained it with full knowledge of all of the facts, and thereby elected to stand on the adjustment and settlement that had been made; and (3) the plaintiff could not ratify the bringing of the suit which was instituted while he was unconscious, and without legal authority."

It was an open question in this State until the case of *Brundige* v. *Railway,* 112 Tenn., 526, 81 S. W., 1248, whether fraud in procuring an accord and satisfaction and release could be set up in a court of law, and whether the settlement must not first be set aside in a chancery court before the plaintiff could proceed upon the original cause of action. It was held that it might be set up in an action at law as a defense against an accord and satsfaction procured by fraud. In that case, the consideration for the accord and satisfaction was paid into court along with the replication setting up its fraudulent procurement.   No special question arose as to the necessity of such payment or of a tender in such cases, as the payment was voluntarily made, as stated.

Counsel for defendant asked the court to charge:

"If you find from the evidence that the agreement pleaded as a defense to this suit is void, under the charge of the court and the facts as proven, then the court charges you that it was the duty of the plaintiff, upon the discovery of the fraud, to repudiate it and if you find that the plaintiff, with full knowledge of the facts, and having gotten such advice as he deemed proper in the premises, made an election to stand on the settlement and accept it as such, then, however void it may have been in the beginning, it will not constitute a defense to this suit."

And the refusal of the trial judge to charge this request is also assigned as error, and the matter presented by this assignment may very properly be considered along with the question of the necessity for tender or repayment of the consideration received.

In ordinary cases when it is sought to be relieved from contracts and agreements procured by fraud, the law has been laid down by this court in quite a number of cases as to what condition will be imposed upon the party seeking to rescind.

In *Talbott* v. *Manard*, 106 Tenn., 60, 59 S. W., 340, it is said:

"But if it were granted that we are wrong in these conclusions, yet there is another well-recognized rule of equity practice, which repels complainants in their effort to rescind, and that is, that nothing can induce a court of equity to exercise its extraordinary power in decree-

ing rescission of contracts, save conscience, good faith, and reasonable diligence. When one with full knowledge of the fraud of which he complains sleeps on his rights, he will be repelled. *Knuckolls* v. *Lea,* 10 Humph., 577; *Ruohs* v. *Bank,* 94 Tenn., 57, 28, S. W., 303; *Woodfolk* v. *Marley,* 98 Tenn., 467, 40 S. W., 479."

In *Landreth Co.* v. *Schevenel,* 102 Tenn., 486, 52 S. W., 148, it is said:

"There is still another principle applicable to the denial of relief to the complainants in this case. This compromise and settlement was made March 1, 1898. This bill was not filed until January 12, 1899. The complainants must have known long before this bill was filed that this firm had ceased to do business, and had gone out of existence, and yet they waited to see whether or not these notes would be paid. It is incumbent, in such case, that the party seeking repudiation shall do so at once upon learning the ground upon which the repudiation is ultimately based. It is a settled rule that the right to rescind a contract for fraud must be exercised immediately upon its discovery, and that any delay in doing so, and the continued employment, use, and occupation of property received under a contract, will be deemed an election to confirm it." *Schiffer* v. *Dietz,* 83 N. Y., 300.

"A party who desires to rescind, in whole or in part, a transaction of this kind, must, upon the discovery of the fraud, repudiate it, and cannot, after acquiescing in its ratification, avail himself of such defense. *Kerns* v.

*Perry* (Tenn. Ch.), 48 S. W., 729; *Woodfolk* v. *Marley,* 98 Tenn., 467, 40 S. W., 479; *Grymes* v. *Sanders,* 93 U. S., 62, 22 L. Ed., 798."

A leading case, holding the same doctrine is *Gould* v. *Cayuga, Co. Nat. Bank,* 86 N. Y., 75; and cases there cited.

As to the necessity for paying or tendering back the consideration received on a fraudulent agreement in order to rescind, the authorities are practically agreed. 24 Ency. Law (2d Ed.), 646, and cases cited; *Town's Adm'r* v. *Waldo,* 62 Vt., 118, 20 Atl., 325; *Hart* v. *Gould,* 62 Mich., 262, 28 N. W., 831; *Wells* v. *Neff,* 14 Or., 66, 12 Pac., 84, 88; *Crippen* v. *Hope,* 38 Mich., 344.

In *E. Tenn. Va., & Ga. R. R. Co.* v. *Hayes,* 83 Ga., 558, 10 S. E., 350, it is said:

"In an action to recover damages for personal injuries it appearing that the parties had, before the action was brought, agreed upon a settlement under which plaintiff received a sum of money in satisfaction of his injuries, and in which he released all right of action for further damages, he could not successfully reply by showing that the agreement or release was obtained by defendant's fraud, without also showing that before commencing suit, he had tendered to the defendant the sum received with demand of return of what defendant had received from him, thus rescinding the settlement."

In *Gibson* v. *R. R. Co.,* 164 Pa., 142, 30 Atl., 308, 44 Am. St. Rep., 586, it is said:

"A passenger injured in a railroad accident, after he

had been operated upon by the railroad company's physician, executed a release, and received a money consideration therefor.   He afterwards claimed that the release had been executed while he was still under the influence of anaesthetics, and that he had no consciousness of the act.  .  .  .

"The evidence showed that after he had been completely restored to a sound mental condition he knew that he had the money, and he also had knowledge of the main facts of the settlement."

The court held "that his conduct constituted an affirmance of the release."

In the opinion it is said:

"He cannot both affirm and disaffirm; cannot affirm for what he got, and disaffirm for the difference between that and what he hoped to get."

In *Lane* v. *Dayton Coal & Iron Co.,* 101 Tenn., 581, 48 S. W., 1094, it was held that not even an infant could sue for damages while she retained a valuable consideration given her in settlement of her claim, and it was not sufficient for her to offer to return or account for such consideration by crediting it on whatever recovery she might make in her suit; and, in substance, that there could be no repudiation without repayment or tender of the consideration received.

We are of opinion that it is the law of Tennessee that in an action to disaffirm a contract or agreement on the ground of fraud that party seeking to disaffirm and repudiate must do so promptly, and pay or tender back

the consideration received as a condition precedent to his right to recover.

Counsel for plaintiff cites us some authorities in other States, which he says hold that such tender or payment is not necessary when the contract or agreement is absolutely void, and not merely voidable. We have not access to these authorities; but we think they are not in line with our Tennessee holding.

There is, perhaps, some difficulty as to when the tender or repayment should be made.

In cases when it is sought to rescind a contract on the ground of fraud, it is the rule that the tender or payment should be made when the fraud is pleaded and relied on, as that is the evidence and legal act of disaffirmance and repudiation.

In case when there has been an accord and satisfaction, and it is relied on, and fraud in obtaining it is set up by replication, the tender or payment should be made when the replication repudiating the settlement is set up and relied on.

It is said, however, that it may be done afterwards, as was done in this case; and, inasmuch as no damage accrues by not paying the money into court earlier, it may be paid at any time during the trial, or may be credited on the recovery.

That it may not be credited on the recovery is expressly held in *Lane* v. *Dayton Coal Co.,* 101 Tenn., 581, 48 S. W., 1094, supra.

But we think that the correct principle is that it must

be paid or tendered so soon as the accord and satisfaction is sought, by the pleadings, to be avoided and repudiated; and that it is a condition precedent to the right of the plaintiff to proceed with his suit that he make such tender or payment when he asks the court to set aside the agreement.

The principle is the same in both cases, that the tender or payment must be made so soon as the plaintiff asks the court to set aside the agreement; and he cannot be permitted to proceed with the original consideration in his hands, and test the judgment of the court whether he shall receive more. It is not a question of damage to the defendant, but of the right of the plaintiff to proceed.

Holding these principles in view, we are of opinion that plaintiff in this case, by holding on to the $50 paid him, from the day of its payment until he was compelled by the court to pay it into court, a space of about two years, ratified and affirmed the settlement, even though he sued to recover an additional amount; and that by failing and refusing to pay it into court along with his replication, he still further affirmed the settlement, and estopped himself from claiming more.

We are of opinion that the return made by him of the money into court came too late; and that he should not have been allowed to proceed with his suit in the absence of such tender; and that in failing to make such tender or payment, and standing upon his original contract, and retaining the consideration, as he did, he is

estopped and precluded from any recovery; and the peremptory instruction asked for should have been given.

This case is to be distinguished from the case of *Railroad* v. *Acuff*, 92 Tenn., 26, 20 S. W., 348, in several essential features.

In that case, the court said:

"There are three sufficient answers to this assignment, viz. :

"First, the plea did not aver that the defendant had paid any money to the administrator, the plaintiff to the suit.

"Second, if a tender had been necessary in the first instance, the defendant waived it by joining issue on the replication.

"Third, when attention was first called to the fact that the tender had not been made, plaintiff's counsel paid into court as a tender the sum received by the widow, with interest, and before the jury retired to consider their verdict, moved the court to be allowed to so amend the replication as to make a formal tender of the money."

In the present case, the three controlling features in that are wanting.

There the plea did not aver the payment of any money in compromise; in the present case, the fact of payment is averred and conceded.

There the defendant waived the necessity of tender by joining issue on the replication. Here the defendant moved to strike it out, because of the failure to tender the money.

There attention was first called to the failure to tender the money after the trial had concluded, but before the jury had retired.   Here attention is called to the fact before the suit was proceeded with, and as soon as fraud was alleged, and it was moved that the suit be dismissed.

There the defendant made the tender so soon as he was called upon to do so.   Here he not only failed to make the tender upon the first notice, but he refused to do so over the persistent demands of the defendant, and then only when compelled to do so by the trial judge, and in order that his suit might not be dismissed.

The judgment of the court below will be reversed; and the suit dismissed at the cost of plaintiff in this court and in the court below.