A. J. SPITZER *v.* KNOXVILLE IRON CO.*

(*Knoxville.*   September Term, 1915).

1. **DEATH.**   Widow's compromise after administrator's appointment.  Effect.

A widow whose husband had been killed in defendant's mine through the defendant's negligence had the right to compromise the claim after she had waived her right to administer and after the plaintiff had actually qualified as administrator of the decedent, as her superior right to control the claim by compromising it or by bringing suit thereon herself could not be impaired by his qualification, but continued until she in some manner waived it, and as her waiver of the right to administer was not tantamount to a waiver of her prior right to sue or to compromise. (*Post, pp.* 220-222.)

Cases cited and approved:   Greenlee v. Railroad Co., 73 Tenn., 418; Stephens v. Railway, 78 Tenn., 448; Webb v. Railway Co., 88 Tenn., 119; Holder v. Railroad Co., 92 Tenn., 142; Prater v. Marble Co., 105 Tenn., 496; Railroad v. Acuff, 92 Tenn., 348.

2. **DEATH.**   Compromise by widow.   Attack.

An attack upon the widow's compromise of an action against his employer for her husband's wrongful death on the ground of fraud practiced on her in procuring it could only be made by her, and could not be made by the administrator subsequently suing for the benefit of the widow and children. (*Post, p.* 222.)

---

### FROM ANDERSON.

---

Appeal from the Criminal and Law Court of Anderson County.—VON A. HUFFAKER, Special Judge.

---

*On settlement of cause of action for death by beneficiaries without assent of executor or administrator see note in 35 L. R. A. (N. S.), 207.

J. B. BURNETT, J. H. WALLACE, J. H. UNDERWOOD, O. W. WELLS and E. B. MADISON, for appellant.

SHIELDS & CATES and MITCHELL LONG, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

A declaration was filed alleging the wrongful death of one H. A. Irish, in defendant's mine, through the culpable negligence of the latter. It was averred that the deceased left a widow, Elizabeth, and several children, for whose joint benefit the suit was brought. The defendant pleaded as matter of accord and satisfaction that prior to the bringing of the suit a full compromise of the claim had been effected with the widow, and her receipt taken, showing a full acquittance, a copy of which was set out in the plea. A replication was filed presenting two points: Firstly, that the compromise was obtained by fraudulently representing to the widow that it would affect only her individual right; secondly, that the compromise was made on August 30, 1912, notwithstanding the plaintiff had, prior to that time, been duly qualified as administrator of the estate, pursuant to the widow's waiver of her prior right to administer, and that these facts were well known to defendant when it made its compromise with the widow.

The defendant demurred to the first point on the ground that no one could question the settlement for fraud except the widow herself, or, at all events, the

administrator could not question it acting alone, or otherwise than with the widow's joint action. This demurrer was sustained, and the court thereupon struck the whole replication from the file. The plaintiff then presented the second point alone in the form of an amended replication. The defendant moved to strike this replication on the ground that the widow had the prior and superior right to compromise the suit at any time before the administrator had brought his suit. The trial judge sustained this motion.

There was in the declaration a right of action asserted for the value of a mule belonging to the decedent, Irish, killed by the same negligence which cost the latter his own life. In addition to the plea of accord and satisfaction in respect of the claim for the wrongful death of Irish, the defendant filed a plea of the general issue to the whole declaration. After striking the replication the court proceeded to dispose of the case, by consent of parties without the intervention of a jury, with the result that he simply rendered judgment for the value of the mule, denying any relief for the death of Irish. This was equivalent to a judgment in favor of the defendant on the plea of accord and satisfaction; the fact of compromise with the widow not having been denied.

The only questions now before the court are: Firstly, whether the widow had the right to make the compromise after she had waived her right to administer, and the plaintiff had actually qualified as administrator of the deceased; secondly, whether the ad-

ministrator could question 'the widow's compromise in the manner attempted.

We feel constrained to hold that the widow had the legal right to make the compromise. This seems to us a necessary consequence of our prior decisions construing the statutes. The substance of these decisions is that the widow's right of action is prior and superior to that of the administrator; that the latter cannot sue until she waives her right, albeit in addition to an express waiver she may effect a waiver by merely permitting his suit to stand without objection on her part; that she may compromise the demand at any time before the administrator, pursuant to her waiver, has brought a suit, but not afterwards; that likewise she may compromise the claim before suit brought, or after a suit brought by herself as widow at any time, regardless of the protest of her children; that after suit has been brought by the administrator the action can be compromised only by consent of the widow and children. *Greenlee* v. *Railroad Co.,* 5 Lea (73 Tenn.), 418; *Stephens* v. *Railway,* 10 Lea (78 Tenn.), 448; *Webb* v. *Railway Co.,* 88 Tenn., 119, 12 S. W., 428; *Holder* v. *Railroad Co.,* 92 Tenn., 142, 20 S. W., 537, 36 Am. St. Rep., 77; *Prater* v. *Marble Co.,* 105 Tenn., 496, 58 S. W., 1068; *Railroad* v. *Acuff,* 92 Tenn., 26, 20 S. W., 348.

It follows that it is immaterial that an administrator had been appointed before she effected the compromise. Nor is the result changed by the fact that she consented to the appointment of the administrator,

waiving her prior right of administration.  Her superior right to control the claim by compromising it, or by bringing suit on it herself, can be in no wise impaired by his qualification.  Her superiority continues until she in some manner waives it.  Her waiver of the right to administer is not tantamount to a waiver of her prior right to sue or to settle.  Whether an unreasonable delay on her part would create a waiver or abandonment of her right is a question not presented in the facts before us.

It may be seen from some of our cases that this power bestowed on the widow has been in a few instances detrimental to her own interests, as well as to those of her children.  A strong illustration may be found in *Stephens v. Railroad*, supra, wherein it appeared that the widow, acting with her second husband, compromised the right of action for a small sum, over the earnest and vigorous protest of the guardian of her children.  Likewise in *Greenlee v. Railroad Co.*, supra, the compromise was effected by the widow over the opposition of her children.  She is not required by law to give any bond, and it is thus perceived that the children's rights may not only be imperiled through her pressing need of money, her want of business judgment, the cajolement of a second husband, eager to obtain possession of the money, or the overpersuasion of ill-advised or interested friends, but likewise by her insolvency, and consequent inability to make good any losses sustained by the children through her

improvidence or extravagance.  The remedy, however, is with the legislature, not the courts.

As to the special form in which the administrator sought to avoid the compromise made by the widow, it suffices to say that the point is fully covered by the case of *Prater* v. *Marble Co.,* supra, in which it was held that an attack upon the widow's compromise on the ground of fraud practiced on her in procuring it could be made only by the widow; that the administrator, subsequently suing, could not make such attack.