## DOTEN v. SOUTHERN RY. CO.

### No. 37.

District Court, W. D. Tennessee, W. D. Jan. 27, 1940.

902

Robert M. Nelson and W. Wright Mitchell, both of Memphis, Tenn., for plaintiff.

King, Taylor & King, of Memphis, Tenn., for defendant.

MARTIN, District Judge.

The plaintiff, administrator by appointment of the Probate Court of Shelby County, Tennessee, has brought this action against the defendant railroad company for $25,000 damages, for causing, by alleged wrongful act, the death of Frank Spitzer in Knox County, Tennessee.

At preliminary trial conference, oral argument was heard with respect to the effect of the plea of accord and satisfaction set up in the first defense of the answer of the defendant. Helpful briefs on this issue have been submitted and considered.

The following authorities relied upon by the plaintiff have been weighed: Spitzer v. Knoxville Iron Co., 133 Tenn. 217, 180 S.W. 163; Koontz v. Fleming, 17 Tenn. App. 1, 65 S.W.2d 821; Whitson v. T. C. R. R., 163 Tenn. 35, 40 S.W.2d 396; Jordan v. Polk, 1 Sneed 430, 33 Tenn. 430; Yellow Cab Co. v. Maloaf & Abed, 3 Tenn. App. 11; Code of Tennessee of 1932, Secs. 8236, 8237; Railroad v. Acuff, 92 Tenn. 26, 20 S.W. 348; Smithart v. Insurance Co., 167 Tenn. 513, 71 S.W.2d 1059; McCrary v. Bristol Bank & Trust Co., 97 Tenn. 469, 37 S.W. 543; Standard Oil Co. v. Petroleum Products Storage Co., 163 Tenn. 565, 44 S.W.2d 317; Byers v. R. R. Co., 94 Tenn. 345, 29 S.W. 128; Russell v. Dayton Coal & Iron Company, 109 Tenn. 43, 70 S.W. 1; L. & N. R. R. Co. v. Toombs, 6 Tenn.Civ. App. 615, 617; Chattanooga Ry. & Light Co. v. Glage, 146 Tenn. 49, 59, 239 S.W. 394; Powell v. Blake, 161 Tenn. 516, 33 S.W.2d 78; Jackson v. Dobbs, 154 Tenn. 602, 290 S.W. 402; United States Fidelity, etc., Co. v. People's Bank, 127 Tenn. 720, 157 S.W. 414; Alston v. Farmers' & Merchants' Bank, 8 Tenn.Civ.App. 420, 8 Higgins 420; Brundige v. R. R., 112 Tenn. 526, 81 S.W. 1248.

Attention has been given the following precedents cited by the defendant: Tenn. Code of 1932, Sec. 8151; In re Wooten's Estate, 114 Tenn. 289, 85 S.W. 1105; Wilson v. Frazier & McKinney, 2 Humph. 30, 21 Tenn. 30; Yellow Cab Co. v. Maloaf, Western Section, 3 Tenn.App. 11; Alexander v. Kelso, 3 Baxt. 311, 62 Tenn. 311; Memphis St. Ry. Co. v. Giardino, 116 Tenn. 368, 92 S.W. 855, 8 Ann.Cas. 176; Prater v. Marble Co., 105 Tenn. 496, 58 S.W. 1068; Glover v. Louisville & N. R. R. Co., 163 Tenn. 85, 40 S.W.2d 1031; Gilchrist v. Cannon, 1 Cold. 581, 41 Tenn. 581; Posey v. Eaton, 9 Lea 500, 77 Tenn. 500; Railway Co. v. Mahoney, Adm'x, 89 Tenn. 311, 15 S.W. 652; Franklin v. Franklin, 91 Tenn. 119, 18 S.W. 61.

The gist of plaintiff's contentions may be thus summarized: (1) The release executed by John H. Scott, administrator by appointment of the County Court of Knox County, did not bind the next of kin of plaintiff's intestate (Chattanooga Ry. & Light Co. v. Glaze, 146 Tenn. 49, 59, 239 S.W. 394); (2) only rights of the parties to such release were affected thereby (Railroad v. Acuff, 92 Tenn. 26, 20 S. W. 348); (3) the administrator, Scott, was unauthorized to settle the claims of next of kin for death by wrongful act under Sec. 8236 of the Code of Tennessee of 1932 (Spitzer v. Knoxville Iron Co., 133 Tenn. 217, 180 S.W. 163; Koontz v. Fleming, 17 Tenn.App. 1, 65 S.W.2d 821); and (4) no tender to defendant of the $150 paid by it to the first administrator, Scott, is necessary, because such sum was not paid to the next of kin or any agent acting for their benefit.

Only the last-mentioned proposition will be discussed, for the question of tender seems determinative of the issue involved.

Certainly the record reveals authority from the father (who is first in precedence of existing next of kin of plaintiff's intestate) to Scott to *qualify as administrator*. See telegram of June 4, 1938, from C. E. Spitzer to "John H. Scott, Coroner, Knox County, Knoxville, Tenn. I hereby appoint you administrator of the estate. C. E. Spitzer."

Next of kin have the right to nominate another for appointment as administrator. Wooten's Estate, 114 Tenn. 289, 85 S.W. 1105; Word v. Shofner, 1 Tenn. Civ.App. 401.

Letters of administration cannot be collaterally attacked. Yellow Cab Co. v. Maloaf, 3 Tenn.App. 11; cf. Dayton Coal & Iron Co. v. Dobb, 6 Cir., 188 F. 597, 37 L.R.A.,N.S., 456. But an attack must be commenced in the jurisdiction where the letters were issued. Wilson v. Frazier, 2 Humph. 30, 21 Tenn. 30.

An administrator may in his discretion settle a doubtful claim. Alexander v. Kelso, 3 Baxt. 311, 62 Tenn. 311.

The fact is that Scott, duly authorized by the father of the decedent to qualify as administrator, *did in such capacity settle the claim for death by wrongful act and used part of the proceeds paid by the defendant for its release to ship the body to decedent's parents in Missouri, as directed.*

The burial of a beloved son and brother in the family cemetery rather than in a potter's field far, far from home would appear to be a *benefit* to his bereaved ones which meets the test both of legal consideration and of the Tennessee re-enactment of the substance of Lord Campbell's Act.

In Tennessee, the rule requiring the return or tender with the replication of money received in settlement of a tort action as a condition precedent to the right to attack a release is adamant. Without such tender, the replication is insufficient in law. Memphis Street Railway Co. v. Giardino, 116 Tenn. 368, 92 S.W. 855, 8 Ann.Cas. 176; Glover v. Louisville & N. R. R. Co., 163 Tenn. 85, 40 S.W.2d 1031. See, also, Lane v. Dayton Coal & Iron Co., 101 Tenn. 581, 48 S.W. 1094. Compare Prater, Adm'r v. Marble Co., 105 Tenn. 496, 506, 58 S.W. 1068.

Railroad v. Acuff, 92 Tenn. 26, 20 S.W. 348, urged by plaintiff's attorney, does not sustain his position that in the instant case no tender back of money paid to a duly qualified administrator, authorized to act as such by next of kin, is necessary to be made by a second administrator who ignores the previous lawful administration of the same estate. In the Acuff case, the widow, who had authorized the administrator to sue, made a settlement with the defendant *after such suit had been brought and was pending*. It was held that the widow, in the circumstances, had no legal power to compromise the suit. In the suit before this court, the first administrator, Scott, had an unquestionable *legal power* to compromise the claim against the railroad company. There is no *parallelism* or substantial similarity between the two cases.

Spitzer v. Knoxville Iron Co., 133 Tenn. 217, 180 S.W. 163, and Koontz v. Fleming, 17 Tenn.App. 1, 65 S.W.2d 821, relied upon by plaintiff's diligent counsel, do *not gainsay the necessity of a tender by the plaintiff with his replication of the amount paid by the defendant to the first administrator, Scott, as a condition precedent to the appropriate filing of this suit by the plaintiff herein, David C. Doten, Administrator.

Accordingly, in the state of record, the first defense set up in the answer of the defendant, constituting a plea of accord and satisfaction, is sustained.

A consistent order to such effect will be entered.