NOVEMBER 6, 1801.

# Rhea and Ormsby *v.* Jacob Yoder.

*Upon a writ of error to reverse a decree of the Court of Quarter Sessions of Nelson county.*

1. Exceptions to the depositions of witnesses on the ground of interest, not having been taken at the original trial, the court of appeals can not disregard their testimony.

2. It is the duty of a court of equity to annul the most explicit contracts as far as it is made certain that one of the parties was deceived by the other.

3. A party to a bill in chancery, who is a mere stakeholder as between the litigants, can not be decreed to pay costs.

Yoder, the defendant here, was complainant in the court below, and it appears that the money he claims was originally due to the persons by whose testimony he principally supports his claim, and of whom he is the assignee.

In this court, almost the whole reliance of the other party to defeat the claim is the incompetency of those persons to be witnesses in the cause. But exceptions to their testimony not having been taken at the original trial, this court can not with propriety exclude it. And by this testimony, in aid of other evidence exhibited, it is abundantly proven that if Rhea was not guilty of an intentional fraud, at least the persons alluded to were induced by his conversation to make assignments to him, which he now insists do import more than the assignors intended. So that it is unnecessary to decide what constructions those assignments ought to receive, it being the duty of a court of equity to annul the most explicit contracts, as far as it is made certain that one of the parties was deceived by the other. Therefore, this court is of opinion that the decision of the quarter sessions court is well founded, so far as it relates to the sum of money decreed to be paid to the appellee. But it appearing that Ormsby never had any personal interest in the contest, further than that he undertook to hold the money as a trustee, without being liable to pay interest or damages, until it should be determined whether Yoder or Rhea had the better right to receive it, it seems to this court that the decision

of the quarter sessions court is erroneous in not decreeing that Ormsby only should pay the money, and that Rhea only should pay the costs.

Wherefore, it is decreed and ordered, that the said decree of the court of quarter sessions for the county of Nelson be reversed, and that the said Yoder pay unto the said Rhea and Ormsby their costs in this court expended; and it is further decreed and ordered, that the suit be remanded to the said court of quarter sessions, and that it enter up a decree conformable to the foregoing opinion; which is ordered to be certified to the said court.