Totten, J.,
delivered the opinion of the court.
This bill is brought to enforce an equity of redemption in land, sold under execution, as the property of Wm. E. Gentry, a judgment debtor; at which sale .Sarah S. Gentry became the purchaser. After the sale, *89 the debtor died intestate, leaving brothers and sisters bis heirs at law, to whom the equity of redemption, descended. "Within the two years .allowed to redeem, James O. Gentry, for himself and the other heirs tendered the true amount for the redemption of the land to the purchaser, which was refused. The decree of the chancellor enforces the equity of redemption in favor of all the heirs except Peter F. Gentry, who is one of them; and the interest claimed by him is in terms decreed to the purchaser upon the assumed ground that it was not legally redeemed, and further, that Peter E. Gentry had relinquished and surrendered his supposed interest in and by his answer to the bill in the present case. To this he objects, and has prosecuted a writ of error to this court.
.1. When James O. Gentry made the tender to redeem the land, it is clear that he had no express authority from Peter F. Gentry to redeem for him. This is lully admitted by his answer.
But these parties being tenants in common of an equity of redemption, had a common interest in such proceeding as was necessary to secure and perfect their title to the land. dSTo previous express authority was necessary to mate the tender valid for all. The agency is wvpUed by the law, from the relation in which the parties stand in reference to the right in question. It was competent for each tp act for all in making the tender, it being a proper and a legal act to secure a title and possession in which they held a common interest. If the tender had been, accepted, and the party making it let into possession, it would have been the possession of all the tenants in common. 4 Kent, 370. *90 Because the redemption made by one of the tenants for the benefit of himself and the others, must be considered valid as to all, we conclude therefore that the tender was valid as to all the tenants in common, and each of them may insist upon it, in a bill tó enforce the equity of redemption.
2. It is argued that Peter E. Gentry, who is in the position of a defendant, has waived and relinquished his right in and by his answer to the bill.
The answer is certainly ambiguous, but we do not construe it as contended for by counsel. Respondent states in substance, that James O. Gentry was not his agent to redeem; he believed that the administrator of the intestate, was the proper person to redeem; he was not willing to join in the suit, being apprehensive that it would fail and costs be incurred, he refers it to the chancellor to determine whether the tender was valid; and prefers that the title remain in the purchaser, who is more needy, rather than go to James 0. Gentry, who made the tender. Such is the purport of a vague and unmeaning answer.
Now we have seen, that there was an implied agency to mate the tender, and the matter being referred to the chancellor, he must so determine. His refusal to join in the suit, or his position in the suit is of no consequence. He is a necessary party, and his objection is not because he had waived his right, but for fear of costs. Nor is the expression of a mere preference as to which of the parties named, shall take his. interest of any effect, as he does not gi/oe his interest to either, and evidently prefers to retain it himself. This we are compelled to permit him to do, until he thinks proper to *91 relinquish it in terms less doubtful than those used in Jite present case.
The decree of the chancellor will be modified, so as to give Peter E. Gentry his proper interest in the land; but considering the character of his answer, he will pay half the costs in this court, the other half to be paid by the purchaser.
Decree modified.