Andrews, Judge,
dissenting, said:
I am compelled to dissent from the views expressed in behalf of the majority of the Court, in regard to the correctness of the decree complained of in this cause, as between the LaGrange and Memphis Railroad Company and its co-defendants in the original suits.
It is, by the bill of review in this case, assigned for error, that the decree complained of is made in favor of defendants, Wickersham, et al, and against their co-defendant, the LaGrange and Memphis Railroad Company, *456 while no cross bill had been filed putting the matter of the decree in issue between them; and that that decree is in contradiction of the allegations of the original bills.
I think this objection is well taken, and that there are no pleadings in this record which can justify and uphold the decree made, as between these co-defendants.
A bill of review is not a substitute for an appeal; but, by our practice, the pleadings are considered as incorporated in the decree for the purposes of a bill of review, and the decree made, must be such a decree, as, supposing every necessary fact to be proved, might lawfully be made upon the pleadings. "We can not, upon such a bill, reverse the decree, merely because not sustained by the proof. But if no proof, which could legally be introduced under the pleadings, could justify such a decree, the decree is erroneous, and the error is apparent upon its face.
The bills of the original complainants, Rainey, Ma-geveny, and others, were filed for the purpose of subjecting the real estate in controversy to the payment of their claims against the LaGrange and Memphis Railroad Company; and, for that purpose, of removing from the title, the cloud of the alleged void deeds to the defendants, 'Wickersham and others.
The defendant, the LaGrange and Memphis Bailroad Company, made no answer or defense to the bills, and did not appear in the causes. The defendants, Wick-ham and others, answered, denying the allegations that their deeds were void, and asserting the validity of their titles. Upon this state of the pleadings, it was decreed by the Chancery Court, that, by the deeds afore *457 said, all right, title, and interest of the LaGrange and Memphis Railroad Company, ’ in and to said property, was divested out of said company, and vested in said 'Wickersham and others, subject to the liens of the several complainants.
These pleadings put nothing in issue between the LaGrange and Memphis Railroad Company and Wicker-sham, and laid no foundation for a decree betweeen them; and the fact that the decree may be considered as a declaratory one, merely, can not,r in my opinion, make any difference.
All the instances cited in argument, in which decrees have been made in favor of one defendant against another, may be classified as follows:
1. Where the decree, made in favor of the complainant against one or more of the defendants, operated to create a right or equity in favor of one defend-
ant against the other, and which might be adjusted and protected in the same suit — an equity or right arising out of the decree itself, and not from a state of facts outside of the decree made, and not determined by it. Such was the case of Keeling vs. Heard, 3 Head, 592.
2. Cases where the complainant and one defendant have rights of the same nature, and growing out of the same facts, against the other defendant, so that the same decree may be made in favor of the complainant, and the defendant whose interest is the same with his. This was the case in Ingram vs. Smith, 1 Head, 411; Gentry vs. Gentry, 1 Sneed, 87; and Allen vs. Baugus, 1 Swan, 404. Such defendant is frequently made de *458 fendant instead of complainant, merely as tbe result of some accident or special circumstance.
3. 'Where the relief, to which the complainant is entitled, can not be granted, without first determining the rights and equities existing between the defendants, and growing out of facts charged in the bill. Such are cases in which the complainant, as second mortgagee, is entitled only to the surplus, after prior incumbrances are satisfied; and a decree between the mortgagor, and the first mortgagee becomes necessary to the relief claimed by the complainant; as in the cases of Farquharson vs. Seton, 5 Russ., ch. 45; Elliott vs. Pell, 1 Paige, 263; and Henshaw vs. Wells, 9 Hum., 568.
In the present case, however, the relief decreed to Wickersham et al., is of a character totally opposite to that given the complainants, and in direct contradiction of the facts which the bill alleged to be true. It is not essential to the relief to which the complainants are entitled; and it is not, in any way, made necessary to the protection of the defendants by the decree made in favor of the complainants.
Upon the pleadings in this case, and upon due proof, the Court might undoubtedly have decreed the deeds in question void, as between the complainants and the defendants, for that was the object of the bills, and was the very relief prayed against all the defendants. But when the Court had determined this point, for all the purposes of the writ, by decreeing that these deeds were void as against the complainants, there was then nothing further to be decreed in regard to that title, in furtherance of *459 tbe object of tbe suit. Tbe further decree, tbat those deeds, though void as to the complainants, were valid and operative to convey the title as between the different defendants, was thrown into the suit, as a mere volunteer decree, and had nothing to do with the object of the suit, or with the relief prayed by, or granted to, the complainants.
This distinction is recognized in the case of Henshaw v. Wells, 9 Hum., 568, which was the case of a bill filed by a second mortgagee against the mortgagor and the first mortgagee. The Court say: “Both mortgagees are seeking relief against tbe mortgagor and his tenant. In such a case, the Court may decree in favor of one defendant against another. In fact, it is required to do so in order to' afford the relief to which the complainants are entitled.”
Had the answers of Wickersham and others, admitted or alleged the invalidity of their deeds, as charged in the bills against them, it could hardly be claimed that such pleadings would have supported the present decree; for the decree would have been in direct contradiction to every pleading in the record.
But it can make no difference to the LaGrange and Memphis Railroad Company, whether the answers of Wickersham and others admit or deny the allegations’ of the complainants’ bills. The railroad company was not bound to defend itself against the allegations or charges of those answers — it was not served with copies of those answers, or summoned to answer them and to disprove their allegations.
A matter cannot be decreed unless it is put in issue; *460 and the right of a party cannot be said to be put in issue, as to him, unless it is asserted or denied in some pleading which he has an opportunity to answer. As the bill alleged that a certain fact existed which the railroad company was content to admit, that company had the right to allow the bill to be-’taken as confessed, and could not be required to appear and produce testimony to prove the very fact which the bill alleged, merely because another defendant did not choose to admit it. It was not bound to come in and assume the burden of proving the complainant’s case, in order to prevent the other defendant from taking a decree against it. Had the decree made, been in accordance with the allegations of the bill, a different question would have been presented.
I see no necessity or propriety in deciding, in this suit, as to the right to the surplus, if there should be one, as between the LaGrange and Memphis [Railroad Company and Wickersham et al. The right to the surplus depends upon the title to the property as between these defendants; to determine which, it is necessary for the Court, after having decided the case upon the facts which entitle the complainant to a decree, to proceed to examine and adjudicate upon a totally different series of facts, with which the complainants have no concern; which are not determined by the decree made in favor of the complainants; and which are not alleged in any pleading in the case, which the LaGrange and Memphis Kail-road Company was bound to notice, or had the opportunity of replying to.
Possibly, this decree might bind all parties to the *461 suit, until reversed. But it was, as I think, a decree not authorized by the pleadings, and therefore contains error apparent upon its face; to correct which, a bill of review may be filed.