KOONTZ v. FLEMING.—65 S. W. (2d) 821.

Eastern Section. April 15, 1933.

Petition for Certiorari denied by Supreme Court, June 24, 1933.

(1)

2

Chas. Kitts and W. P. Monroe, both of Maynardville, and R. R. Kramer, of Maryville, for plaintiff in error.

Gamble, Goddard & Gamble, of Maryville, for defendant in error.

CASSELL, S. J. Suit in the circuit court of Blount county brought by Newton Koontz, administrator of James Koontz, for damages growing out of the death of the said James Koontz, who, it was alleged, died as a result of injuries on November 4, 1930, when struck by an automobile driven by one C. V. Fleming. The declaration was filed in February, 1931, and alleged the appointment of said Newton Koontz as administrator in December, 1930, and that James Koontz left surviving him his widow, Tobitha Koontz, and six children. A plea of not guilty was entered.

In July, 1931, Tobitha Koontz, widow of James Koontz, instituted a suit in the circuit court of Blount county against C. V. Fleming seeking to recover damages for the killing of the said James Koontz, and a declaration was filed in October of the same year. The defendant, C. V. Fleming, filed a plea in abatement to this second case setting out the institution of the former suit and declaring that it was pending undisposed of. To this plea in abatement a demurrer was filed averring that the widow of the deceased had a superior right to institute suit over that of the administrator. No action was taken on this demurrer, but at the same term of court the defendant, Fleming, asked leave of court to file a plea "Puis Darrein Continuance" in the suit instituted by the administrator. Upon granting such leave, said plea was filed setting out that on the 13th day of July, 1931, suit was instituted by the widow to recover damages for the death of James Koontz, and it was averred that the widow had a right of action superior to that of the administrator; hence that it should be abated. The plaintiff demurred to the plea in abatement on the ground that the plea does not offer a legal defense or show any valid reason why the suit of the administrator should be abated and that the defendant was without a right or authority to question the legality of the administrator's suit as the right of action to question the suit of an administrator is lodged alone in the widow of the deceased. It was further al'eged in said demurrer to the plea that it was not stated that there had been any adjudication or any obligation imposed upon defendant by

reason of the filing of the suit. This demurrer was overruled by the trial judge, and the plaintiff filed a replication, in which, among other things, it was averred that the plea does not offer any legal defense for the dismissal of the administrator's suit, that the defendant could not question the authority of the bringing of the suit as that was a right belonging to the widow, and again that Tobitha Koontz had waived any right that she might have had for the death of said James Koontz. It was further alleged that the plaintiff's right to bring suit was equal and concurrent with the right of the widow to bring suit for the death of her husband, and he, having brought suit, averred that he has priority to maintain the right of action. It was further alleged that said Tobitha Koontz was not a widow of James Koontz in the meaning of the law, because she deserted her husband many years before his death, and had for several years been living in open adultery, and because she had already been convicted for violation of a federal statute. On motion of defendant, the trial judge struck out that portion of the replication referring to the widow's misconduct. Thereupon it is stated that proof was introduced, and upon consideration of the same the court found the issues in favor of the defendant. The plea of abatement was sustained and the suit dismissed. Thereafter the plaintiff, Newton Koontz, administrator, filed his motion for a new trial, and upon the overruling of same prayed and perfected an appeal to this court.

The following errors to the action of the lower court have been assigned:

I. "The learned trial court erred in overruling the plaintiff's demurrer to the defendant's plea in abatement.

"(1) The plea in abatement does not set forth a legal defense to this action inasmuch as it shows on its face a waiver on the part of the widow of her right of action against the defendant, even if such right of action had originally been prior or superior to the right of action of the administrator.

"(2) The question of whether the administrator of the intestate's estate or the widow of the intestate shall be entitled to maintain the action for damages against the tort-feasor on account of the death of the deceased, is a question which can be raised only by the administrator or the widow and not by the tort-feasor."

II. "The learned trial court erred in striking from the plaintiff's replication to the defendant's plea in abatement, certain sections of said replication averring that the widow of the plaintiff's intestate had been guilty of such misconduct and of such crimes as to deprive her of any right she might otherwise have had to maintain an action growing out of her husband's death."

III. "There is no material evidence to support the finding of the trial court in favor of the defendant on the issues raised in the plea in abatement and replication thereto."

4

IV. "The learned trial court erred in holding that the defendant's plea in abatement was good."

V. "The learned trial court erred in dismissing plaintiff's suit and taxing him with the costs of this cause."

The facts in the case are few, and consist almost wholly of the pleadings filed by the various parties. The pleadings in the case of Newton Koontz v. C. V. Fleming, also the transcript of the record in the case of Bitha Koontz v. C. V. Fleming in the circuit court of Blount county, are filed, and the last record is relied on as evidence in the first case as above set out, it being the case now under investigation.

We have examined the record and feel that counsel for both parties have substantially stated the case, and we could do no better than to copy literally from the brief of counsel as far as it is substantiated by the record.

On December 15, 1930, Newton Koontz, as administrator of James Koontz, deceased, filed suit in the circuit court of Blount county against one C. V. Fleming for personal injuries growing out of the negligent killing of the plaintiff's intestate, one James Koontz, by Fleming on the highway on November 4, 1930. Said suit was for $25,000 damages, and for the use and benefit of the widow and six children of the deceased who were named in the declaration.

A pauper's oath in lieu of bond was filed December 15, 1930, and declaration in the case was filed February 11, 1931.

On February 14, 1931, Fleming filed a plea of not guilty to the declaration, and at the term of court which convened in June following the case was continued, but at the next term in October, Fleming filed a plea of "Puis Darrein Continuance," which was in effect a plea in abatement, which plea alleged that, since the 13th day of July, 1931, a suit had been instituted in the circuit court of Blount county by Bertha (later amended to Bitha) Koontz, the widow of the deceased, in which a recovery for damages resulting from the same injury was sought. It was further alleged that the last suit by the widow was prior and superior to that of the plaintiff as administrator, and it was prayed that plaintiff's suit be abated. At a later date, in October, 1931, a demurrer was filed to the plea in abatement assigning the following grounds:

"1. That the plea was no legal defense to the administrator's suit.

"2. That the legality of the administrator's suit could be questioned by the widow only.

"3. That no adjudication of the widow's suit had been made, nor any obligations imposed upon the defendant by reason of the filing of said widow's suit."

The demurrer was at the same term of court overruled, and plaintiff administrator, Newton Koontz, was required to make further

defense to the plea in abatement, and this defense set out the following grounds:

"1. That the plea of defendant was defective for the reason that the second suit was instituted by Bertha Koontz, when as a matter of fact there was no such person as Bertha Koontz in the record or otherwise.

"2. That the summons in the suit of Bitha Koontz, the widow, was defective in that it alleged the wrongs were committed in Union county, Tennessee, when as a matter of fact the same were committed in Knox county, Tennessee.

"3. That the plea does not offer a legal defense in that it does not show that the suit of the widow had been adjudicated nor any obligation imposed upon the defendant.

"4. That the question of the legality of the administrator's suit could be questioned only by the widow of the deceased, and that a widow as contemplated is one who has lived with her husband until death and not a woman that has deserted and abandoned her husband.

"5. That the widow had waived her right to bring suit as the widow of James Koontz, deceased, in that she had abandoned her husband some twelve years before his death; that the plaintiff had qualified as administrator of the estate of James Koontz, deceased, on December 13, 1930, without objection from Bitha Koontz the widow, and that he instituted suit on December 15, 1930; that the widow Bitha Koontz was guilty of laches by not bringing her suit before July 13, 1931; that the widow had not objected to the administration of the estate by the plaintiff until February 17, 1931, when she filed her petition in the county court of Union County, Tennessee, seeking a removal of the plaintiff as the administrator of James Koontz, deceased; that after the answer of the plaintiff to said petition was filed in said county court the widow, Bitha Koontz, apparently abandoned her petition as no further steps were taken by her.

"6. That plaintiff's right to bring suit as administrator was concurrent with the right of the widow, and that he having brought the first suit that said suit would take priority over the suit of the widow.

"7. That to sustain the the plea in abatement in this case would be an indirect dismissal of the administrator's suit which right is not lodged in the widow.

"8. That the said widow, Bitha Koontz, had for some years prior to the death of James Koontz, deceased, her husband, lived in open adultery with one William Russell; that she is a violator of the State and Federal Prohibition Laws, and that for these reasons she has waived her right to bring suit as the widow of James Koontz, deceased.

"As exhibits to this replication the plaintiff filed a certified copy of the petition of Bitha Koontz, the widow, in the county court of

Union County, Tennessee, seeking the removal of the plaintiff. Newton Koontz as administrator, and the answer of the said Newton Koontz to said petition.

"The defendant further moved the court to strike out sections 5 and 8 of the said replication on the grounds that said sections raised immaterial and irrelevant questions, which motion was duly allowed by the court, and to which action of the court the plaintiff administrator duly excepted.

"On the same day the case came on for further hearing on the plea in abatement and the replication thereto and the proof introduced on said issues, and after hearing argument of counsel, the court found and decreed that the plea in abatement was good and the same was thereby sustained by the court and the suit of the plaintiff dismissed, to which action of the court the plaintiff administrator duly excepted.

"Thereupon the plaintiff Newton Koontz, administrator, moved the court to set aside the judgment theretofore rendered and grant him a new trial, setting out as grounds therefor several reasons, which motion for new trial was overruled and disallowed, to which action of the court the plaintiff administrator duly excepted and prayed an appeal to this court.

"On October 28, 1931, the plaintiff administrator filed his oath in lieu of bond for an appeal to this court."

As previously stated, the only evidence offered was the record in the case of Tobitha Koontz v. C. V. Fleming, which was as follows:

"1. Pauper's oath in lieu of bond which was filed on July 13, 1931.

"2. Summons which was issued on July 13, 1931.

"3. Declaration which was filed on October 5, 1931, the gravamen of which was the negligent killing of James Koontz, the husband of the plaintiff, Bitha Koontz, on November 4, 1930, by the defendant C. V. Fleming, which killing occurred on the Knoxville-Maynardsville Highway at a point known as Copper Ridge in Knox county, Tennessee. Said declaration sought damages in the sum of $25,000.

"4. The plea in abatement of defendant C. V. Fleming to said declaration, which plea was that a prior suit for the same cause of action had been brought by the administrator of the said James Koontz.

"5. The demurrer of the plaintiff, Bitha Koontz, to said plea in abatement."

The circuit judge, as before stated, has sustained the plea in abatement, and the questions now presented for consideration are:

(1) Which of the parties, to-wit, Newton Koontz as son and administrator of the deceased, or Bitha Koontz, the widow of the deceased as administratrix, has the right to maintain this suit?

(2) Can C. V. Fleming as tort-feasor raise this question?

(3) If Bitha Koontz has the superior right to maintain this suit,

has she waived her right by neglecting to begin prosecution of her right of action?

■■ From an examination of our authorities in Tennessee, we are constrained to hold that in this case we believe that the widow's right of action is prior and superior to that of the administrator, and that the latter cannot sue until she waives her right of action, but she may effect a waiver by permitting his suit to stand without objection upon her part.

It would seem that this is the latest construction of the statute in question by our Supreme Court. See Spitzer v. Knoxville Iron Co., 133 Tenn., 220, 180 S. W., 163, 164, where Judge Neil stated the views of the court as follows:

"The substance of these decisions is that the widow's right of action is prior and superior to that of the administrator; that the latter cannot sue until she waives her right, albeit in addition to an express waiver she may effect a waiver by merely permitting his suit to stand without objection on her part; that she may compromise the demand at any time before the administrator, pursuant to her waiver, has brought a suit, but not afterwards; that likewise she may compromise the claim before suit brought, or after a suit brought by herself as widow at any time, regardless of the protest of her children; that after suit has been brought by the administrator the action can be compromised only by consent of the widow and children. Greenlee v. Railroad Co., 5 Lea (73 Tenn.), 418; Stephens v. Railway, 10 Lea (78 Tenn.), 448; Webb v. Railway Co., 88 Tenn., 119, 12 S. W., 428; Holder v. Railroad Co., 92 Tenn., 142, 20 S. W., 537, 36 Am. St. Rep., 77; Prater v. Marble Co., 105 Tenn., 496, 58 S. W., 1068; Railroad v. Acuff, 92 Tenn., 26, 20 S. W., 348.

"It follows that it is immaterial that an administrator had been appointed before she effected the compromise. Nor is the result changed by the fact that she consented to the appointment of the administrator, waiving her prior right of administration. Her superior right to control the claim by compromising it, or by bringing suit on it herself, can be in nowise impaired by his qualification. Her superiority continues until she in some manner waives it. Her waiver of the right to administer is not tantamount to a waiver of her prior right to sue or to settle. Whether an unreasonable delay on her part would create a waiver or abandonment of her right is a question not presented in the facts before us."

While some of the former decisions of our court do not seem to be in harmony upon all points with the case at bar, yet we think as a whole this doctrine is as quoted in the Spitzer case.

Again in the case of Webb, Adm'r, v. R. R. Co., 88 Tenn., 128, 12 S. W., 428, 430, the same principle in law seems to be laid down:

"When we consider the object in view, and when we take the language of the amendatory act itself, we are led to the conclusion that

the Legislature intended merely to give the cause of action to the widow, in her own name, in preference to any administrator, but not to the exclusion of an administrator, where the widow elected not to sue; and her election or waiver will be presumed when the suit is prosecuted by the administrator, without objection by her, signified by bringing the suit in her own name, or otherwise.''

■ As regards the right of the widow, Tobitha Koontz, to waive her superior claim, we think that there is no question. We do not believe that she has waived her right by failing to institute a proceeding to collect the damages from Fleming in her capacity as administratrix as promptly as she might have done. If she has waived her right to maintain a suit, she has not done so by an express contract or positive action that we can ascertain from the record. We do not think there was any unreasonable delay on her part in the bringing of her suit. Koontz died on November 4, 1930, and under the statute she had twelve months in which to bring suit; she actually took the oath in forma pauperis on November 24, 1930, and filed suit on July 13, 1931, practically five months before the expiration of the statute of limitations (Code 1932, sec. 8595). It seems that the son Newton Koontz, filed his suit within six weeks after the death of his father. We find no evidence in the record that the widow had anything to do with the bringing of the suit by Newton Koontz, neither do we find that she acquiesced in it; as before stated, there was no express waiver, and the principle of law governing a matter of this kind is laid down in 40 Cyc., 267, as follows:

■ ■ ''Evidence of Waiver—1. In General. Waiver is a matter of fact to be shown by the evidence. It may be shown by express declarations manifesting an intent and purpose not to claim the supposed advantage, or it may be shown by a course of acts and conduct, and in some cases will be implied therefrom. It may also be shown by so neglecting and failing to act as to induce a belief that there is an intention or purpose to waive. Proof of express words is not necessary, but the waiver may be shown by circumstances, or by a course of acts and conduct which amounts to an estoppel.

''2. Burden of Proof. The burden is upon the party claiming the waiver to prove it by such evidence as does not leave the matter doubtful or uncertain; but he is only required to prove it by the preponderance of evidence, as in other civil actions.

''3. Weight and Sufficiency. It is also necessary that the acts, conduct, or circumstance relied upon should make out a clear case of waiver.''

It seems that there must be absolute action or inaction inconsistent with the claim or right in order to constitute waiver by conduct. Proctor Trust Co. v. Neihart, 130 Kan., 698, 288 Pac., 574. Again, we find the law states that waiver will not be presumed or implied contrary to intention of the parties whose rights would be

injuriously affected thereby. McMillan v. Montgomery, 121 Or., 28, 253 Pac., 879.

Our own Supreme Court has said that it is well settled that "to make out a case of abandonment or waiver of a legal right, there must be a clear, unequivocal and decisive act of the party, showing such a purpose, or acts amounting to an estoppel on his part." Ross v. Swan, 75 Tenn. (7 Lea), 463. Or, as stated in Masson v. Anderson, 62 Tenn. (3 Baxt.), 304, "abandonment or waiver of a right important to parties cannot be made out by uncertain implication, but ought clearly to appear. To constitute such a waiver of a benefit, there must be a clear, unequivocal, and decisive act of the party, an act which shows a determination not to have the benefit intended." To the same effect are the cases of Gentry v. Gentry, 33 Tenn., 87, 60 Am. Dec., 137; Prewitt v. Bunch, 101 Tenn., 742, 50 S. W., 748.

Applying these principles of law to the case at bar, we do not think there was any action on the widow's part which amounted to a waiver of her right to maintain this suit or which might be considered an abandonment of her right to institute the same. There is no evidence in the record that she could have kept Newton Koontz from prosecuting suit if she had wished to do so.

In addition to what has already been said upon the question of the widow's waiving her rights by inaction, it may be said that she did file a petition seeking to have Newton Koontz removed as administrator and herself appointed. This does not show inaction, but, to the contrary, shows an active interest in the matter.

There yet remains to be disposed of the question of whether Fleming, the tort-feasor, can properly raise the question of the widow's rights, the superiority of her claim, and her right to have the other suit dismissed. We find no authority that would prevent the tort-feasor from raising this question; in fact, we think it was a question that he should raise, for, if he is liable at all, he is liable to a certain definite party, and he should not be subjected to the expense and worry of two or three suits by various parties claiming rights of action against him growing out of one and the same injury to one certain party. In addition, we cannot see how Newton Koontz, the administrator, can be injured by the settlement of the question in the first stages of the litigation, for, if he has no right of action, he should not prosecute a suit against the defendant, but should save the estate the expense of maintaining said suit. If, on the other hand, the widow is the proper one to maintain the suit, then she should have the right to prosecute her suit. We do not believe that, because the widow has been indiscreet or has committed a crime, her right as a widow and her children's rights should be affected so far as her or their right of action in this case is concerned.

We find no error in the action of the circuit judge, and his decision is affirmed, with costs.

Portrum and Thompson, JJ., concur.