**Kelly MOSS, Plaintiff-Appellant,**

v.

**William J. JONES, Warden, Kentucky State Penitentiary, Defendant-Appellee.**

**No. 14450.**

United States Court of Appeals Sixth Circuit.

April 3, 1961.

Lloyd C. Emery, Paducah, Ky., Emery & Carroll, Paducah, Ky., on the brief, for appellant.

Troy D. Savage, Frankfort, Ky., John B. Breckinridge, Atty. Gen., and Troy D. Savage, Asst. Atty. Gen., for appellee.

Before MILLER, Chief Judge, O'SULLIVAN, Circuit Judge, and THORNTON, District Judge.

THORNTON, District Judge.

Appellant was to be executed January 6, 1961 by the State of Kentucky pursuant to a conviction in the State court. That date was set by executive order of the Governor of Kentucky as the date for appellant's execution. The appellant commenced this action in the District Court by filing a complaint for injunction on January 4, 1961, two days prior to the date set for his execution. He asks that the Federal Court enjoin the State from proceeding with the execution. On July 7, 1960, appellant had filed in the District Court a civil rights action based upon alleged deprivation of constitutional rights (physical abuse) at the hands of the guards in whose charge he was at the State Penitentiary while awaiting the setting of the execution date, and subsequent execution. We will hereafter refer to the two actions filed in the District Court as the civil rights action (filed July 7, 1960) and as the injunction action (filed January 4, 1961), respectively. At the time of the filing of this action the civil rights action had not been set for trial.

It should be stated at the outset that there is not present here for consideration by this Court any issue relating to the validity of the State court conviction, the death sentence, or the setting of the execution date. Appellant here does not contest that he must be executed but only contests the "when" of the execution. The appellee's position is that a court of the United States is prohibited from granting the relief requested by reason of 28 U.S.C.A. § 2283, which reads as follows:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

One preliminary matter should be given a word of attention so that it will not appear that we have overlooked it. There is room for argument that appellant should be required to apply to the State for a stay of his execution before being permitted to apply to the District Court. We are not informed whether, in fact, this has been done. However, assuming it has not, we do not believe it should be a requirement here for two reasons. First, the circumstances here present are such as to make it unreasonable to require appellant to abandon this proceeding in order to pursue another. Second, we should consider this injunction action as ancillary to the civil rights action and, as such, properly cognizable by the District Court in the first instance.

The civil rights action is brought pursuant to 42 U.S.C.A. § 1983 and grounded squarely thereon. The purpose of the injunction action is to obtain a stay of execution against the state (the officers who would effect the execution) until such time as appellant has been able to completely prosecute his civil rights action, including any and all necessary appellate procedure. The lower court denied injunctive relief and dismissed the complaint but certified probable cause for appeal and permission to proceed in forma pauperis. It is this order from which the appeal is here taken. A motion for a temporary restraining order was

filed and heard immediately by Judge Miller of this Court, and granted. It restrained any and all persons from executing appellant until this Court determines the rights involved, or until further order of this Court.

■ We recognize that there are many arguments available on both sides of this question. We also recognize that in these circumstances there is a wide field for the impact of sentimentality. Judges and courts are neither unhuman nor lacking in sentiment. We can consider the civil rights action for a moment—its purpose(s). While it is clear from a reading of the statute [1] that the only remedy it offers is phrased in terms of liability "to the party injured in an action at law, suit in equity, or other proper proceeding for redress," it would seem that money damages and/or injunction are the available relief. Of some merit, prior to February 20, 1961, would have been the argument re the availability to appellant of a tort action in State court. Presumably such an action would survive the death of appellant. In this connection the question has arisen whether a civil rights action abates with death. Appellee in his brief, at page 16, says that "We believe that this is the law and will so concede." We therefore assume, without deciding, that appellant's civil rights action would abate in the United States District Court if he should die before judgment. The next proposition is that he can protect himself against this by a tort action in State court. This proposition is succinctly disposed of by the United States Supreme Court opinion of February 20, 1961, in the case of Monroe et al. v. Pape et al., 81 S.Ct. 473. There is no question in our mind but that the Supreme Court has unequivocally held that a person may not be denied his civil rights action in Federal Court be-cause of the existence of a state law that may be enforced to give relief. We are therefore precluded from pursuing any further investigation of that theory. So much for the purpose of the Act insofar as the redress available to the injured party. It seems to us that there is also another purpose which might be said to be the converse of this in that the existence of the remedy acts at the same time as a deterrent against the commission of the wrongful act(s).

■ In view of the assumption we here make that the action abates with the death of the injured party, it is obvious that there can be, under these circumstances, no damages recoverable by him or his estate, nor can the salutary effects deterrent-wise against the wrongdoer(s) be accomplished. Is there justification, therefore, in staying the execution in order to accomplish one of the objectives of the statute, namely, the imposition of penalty by way of damages upon the wrongdoer(s)? At this point the proscription of 28 U.S.C.A. § 2283 looms large * * * "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." We do not recognize that any of the above. stated statutory exceptions exists in the matter before us. We are of the view that the court below was bound by this statute and that this Court, as a court of review, must, under the circumstances, affirm the action of the lower court. There is no provision in the civil rights statute, 42 U.S.C.A. § 1983, which can be construed in such a manner as to alleviate what some may be inclined to term a harsh ruling. The remedy is with Congress in whose power exists remedial legislation. The two fed-

---

1. "§ 1983. Civil action for deprivation of rights

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. R.S. § 1979."

eral statutes here pertinent are clear, unambiguous, not inconsistent with each other, and do not contradict each other. The duty of the District Court, and of this Court, is clear, and we therefore affirm its dismissal of the instant action.