**Richard Lynn TROUTMAN et al., etc., Plaintiffs,**

**v.**

**JOHNSON CITY, TENNESSEE, et al., Defendants.**

**Civ. A. No. 3019.**

United States District Court, E. D. Tennessee, Northeastern Division.

April 27, 1973.

Supplemental Opinion Oct. 7, 1974.

---

W. E. Bowman, Greeneville, Tenn., for plaintiffs.

James H. Epps, III, Johnson City, Tenn., for defendants.

### MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action for damages for the deprivation of the rights of the plaintiffs' decedent, allegedly resulting in his death. 42 U.S.C. §§ 1983, 1985(3). The defendants the City of Johnson City, Tennessee, Messrs. Kenneth Thompson, Al Chandler and Tom Tipton moved for a dismissal on the ground that the complaint fails to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. The plaintiffs made no response thereto.

▇ The motion has merit as it involves the defendant the City of Johnson City, Tennessee. It is alleged in the complaint that such defendant is a municipality. A municipality is not a "person" within the meaning of 42 U.S.C. § 1983. Monroe v. Pape (1961), 365 U.S. 167, 187, 190, 81 S.Ct. 473, 5 L.Ed.2d 492, 505 (headnote 12), 507 (headnote 13). Accordingly, this action hereby is Dismissed as to the defendant the City of Johnson City, Tennessee, and its title hereby is amended to: Richard Lynn Troutman et al., etc. v. Kenneth Thompson, et al.

The moving defendants further contend that the action of the plaintiffs' decedent did not survive to his personal representatives. The defendants' reliance upon Moss v. Jones, C.A. 6th (1961), 288 F.2d 342, certiorari denied (1961), 368 U.S. 868, 82 S.Ct. 98, 7 L. Ed.2d 65, rehearing denied (1961), 368 U.S. 922, 82 S.Ct. 244, 7 L.Ed.2d 137, is misplaced. There, the Court "assumed, without deciding" that one's civil rights action would abate if he should die before judgment. *Ibid.*, 288 F.2d at 344.

In Tennessee, " * * * [t]he right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by his death * * *." T.C.A. § 20–607. Such statute is applicable here. 42 U.S.C. § 1988; see Brazier v. Cherry, C.A. 5th (1961), 293 F.2d 401, 407–408[4], applying a Georgia statute, certiorari denied (1961), 368 U.S. 921, 82 S.Ct. 243, 7 L. Ed.2d 136. The motion on this ground hereby is denied.

The defendants finally contend that the plaintiffs lack capacity to sue, Rule 17(b), Federal Rules of Civil Procedure. Such capacity is also to "be determined by the law of [the plaintiffs'] domicile * * *." *Idem.* It is inferable from an affidavit on file herein that, at the time of his death, the plaintiffs' decedent was domiciled in Tennessee; thus that his personal representatives are domiciled likewise.

The succession of such decedent's cause of action under Tennessee law is as follows: " * * * to his widow, and, in case there is no widow, to his children or to his next of kin; or to his personal representative, for the benefit of his widow or next of kin; or to his natural parents or parent or next of kin if at the time of death decedent was in the custody of the natural parents or parent and had not been legally surrendered by them, otherwise to his or her legally adoptive parents or parent, or to the administrator for the use and benefit of the said adoptive parents or parent * * *." T.C.A. § 20–607. It appears from such affidavit that the decedent left no surviving widow or children; that he was not at the time of his death in the custody of his natural parents or parent; and that his sole surviving next of kin is his parent and mother, Mrs. Vista Troutman. It would seem accordingly that the decedent's mother's right of action is prior and superior to that of the plaintiffs, and that " * * * the latter cannot sue until she waives her right of action * * *." *Cf.* Koontz v. Fleming, C.A. Tenn. (1933), 17 Tenn.App. 1, 7[1], 65 S.W.2d 821. However: " * * * she may effect a waiver by permitting [the plaintiffs'] suit to stand without objection upon her part. * * *" *Ibid.*, 17 Tenn.App. at 7[2], 65 S.W.2d at 824.

The plaintiffs hereby are Ordered to serve personally a copy of the complaint herein upon Mrs. Vista Troutman, giving her notice of her prior and superior right of action herein. Unless Mrs. Troutman shall object hereto within 20 days after such service of notice upon her such lack of objection will be deemed a waiver of her right of action. In the absence of such an objection, the motion of the defendants as to this ground shall thereafter stand.

Overruled. *Cf.* Lamar v. Stowers, D. C.Tenn. (1971), 52 F.R.D. 490, 491[1].

### Supplemental Opinion

It appearing herein that the sole surviving next-of-kin of the plaintiffs' decedent is his mother Mrs. Vista Thompson, and that her right of action is prior and superior to that of the plaintiffs herein, see memorandum opinion and order herein of April 27, 1974; it further appearing that the aforenamed Mrs. Troutman has not waived such right of action but objects to the action by the plaintiffs in this Court, see objection herein of September 12,

1974;* and, it further appearing from such facts that the plaintiffs herein are not permitted to sue herein, *cf.* Koontz v. Fleming, C.A.Tenn. (1933), 17 Tenn. App. 1, 7[1], 65 S.W.2d 821.

The motion of the defendants that this action be dismissed for the lack of the capacity of the plaintiffs to sue hereby is Granted, and this action hereby is

Dismissed for such lack of capacity.

---

* In such objection, Mrs. Troutman stated her action involving the same subject matter as this lawsuit was filed in the Law Court at Johnson City, Tennessee, and antedated the commencement of this action.