# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE

## REBOUND CARE CORPORATION, ET AL. v. UNIVERSAL CONSTRUCTORS, INC.

**A Direct Appeal from the Chancery Court for Davidson County**
**No. 94-444-I    The Honorable Irvin H. Kilcrease, Jr., Chancellor**

---

**No. M1999-00868-COA-R3-CV - Decided June 13, 2000**

---

This case involves a dispute under a construction contract between the owner and the contractor. The owner sued the contractor in chancery court, and the contractor's answer, among other things, asserted that plaintiff's claim was subject to arbitration. Neither party demanded arbitration, and the case continued in chancery court with discovery and other proceedings for approximately three years, when the contractor filed a motion to dismiss or for summary judgment premised on the owner's failure to comply with conditions precedent in the contract. Alternatively, the contractor moved to stay the proceedings until plaintiff submitted the claim to arbitration pursuant to the contract. The trial court found that the contract provided for arbitration and that the contractor had not waived its right to arbitration. The court granted the motion for summary judgment to the extent that the proceedings in the case were stayed until the owner's compliance with the conditions precedent in the contract. In compliance with the court's order, the owner submitted the case to arbitration which resulted in an award for the contractor. Subsequently, the trial court granted Universal's motion to confirm the arbitration award and dismissed the owner's complaint with prejudice. The owner has appealed.

**Tenn.R.App.P. 3, Appeal as of Right; Judgment of the Chancery Court is Vacated in Part, Affirmed in Part and Remanded**

CRAWFORD, P.J., W.S., delivered the opinion of the court, in which HIGHERS, J., and FARMER, J., joined.

Paul C. Ney, Jr., Gregory Mitchell, Nashville, For Appellant

Darrell G. Townsend, Derrick C. Smith, Nashville, For Appellee

### OPINION

Plaintiff, Rebound Care Corporation, d/b/a Open Arms Care Corporation (Rebound), appeals

from the order[1] of the chancery court dismissing its complaint against defendant, Universal Constructors, Inc.(Universal).

On January 3, 1994, Rebound filed its complaint against Universal.[2] The complaint alleges that in 1989 and 1990, Rebound contracted with Universal in four separate contracts for Universal to act as the general contractor for the construction of thirty-two intermediate care facilities and four day program service centers in several areas in Tennessee. The contracts are attached as exhibits to the complaint and incorporated therein. The complaint avers that in July, 1991, Rebound started learning about problems with various parts of the Nashville facility and notified Universal and others of the problems and sought repairs. Further problems developed, and each time Universal was notified of the problems. It was represented to Rebound that the construction was not defective, but that Universal would investigate and recommend solutions. The complaint further avers that because of the many problems, Rebound retained the services of a construction consultant in 1993, and in January, 1994, the consultant completed the investigation and issued his report which detailed construction and design deficiencies. The complaint lists substantial defects that were discovered. The complaint alleges that Universal became aware of numerous, unauthorized deviations, allowed same to exist, and had defects that were, in fact, concealed from Rebound, resulting in misrepresentations and fraud on the part of Universal. The complaint further avers that Universal took actions and made representations that caused Rebound to delay in the filing of the suit. Rebound further alleges that Universal breached its contract by, among other things:

> a. Failing to construct the Facilities in accordance with the plans and specifications for the project;
>
> b. Failing to employ subcontractors with adequate skills and knowledge to execute and perform work on the Facilities in a skillful and workmanlike fashion and otherwise failing to ensure that the work was done in a skillful and workmanlike fashion;
>
> c. Failing to correct nonconforming work performed by Universal and by subcontractors under Universal's supervision; and

---

[1] The order was made final pursuant to Tenn.R.Civ.P. 54.02, since the case against one other defendant is still pending.

[2] The original complaint was filed against Universal and David, Stokes, Chilton Collaborative, P.C., an architectural firm. The complaint states that the action is related to a previously filed case in chancery court, Rebound Care Corporation, d/b/a Open Arms Care Corporation versus Barge, Wagonner, Sumner & Cannon, et al. The trial court consolidated the action, and on August 25, 1995, Rebound filed a Consolidated Amended Complaint against Universal and the other named defendants in the two actions. Our references in the Opinion to the complaint and the answer will refer to the Consolidated Amended Complaint and Universal's answer thereto.

d.  Failing to identify and bring to Rebound's and/or the Project Architect's attention problems with the site and construction design of one or more Facilities;

e.  Failing to construct the Facilities in a good faith and reasonable manner and in accordance with industry standards and legal requirements;

f.  Breaching express warranties;

g.  Breaching implied warranties of good workmanship and materials and of habitability;

h.  Failing to oversee and inspect construction of the Facilities in a good faith manner and in accordance with reasonable construction practices;

i.  Failing to fulfill its duty to remedy the defects made known to it;

j.  Failing to obtain written or other approval for changes to plans and specifications;

k.  Failing to give monetary credit to Rebound for labor, material, and other changes resulting in cost reductions; and

l.  Submitting false and incorrect applications for payment.

The complaint further alleges that Universal along with the other defendants were negligent in the work performed which resulted in damages to Rebound. The complaint also avers that Universal was guilty of promissory fraud and fraudulent misrepresentations in commercial transactions in the various particulars set out in the complaint. Rebound also relies upon a violation of the Consumer Protection Act on the part of Universal.

Universal's answer to the complaint denies the material allegations against it and joins issue thereon. As an affirmative defense, Universal avers that the contract between the parties provides that any dispute should be submitted to arbitration, and that therefore the complaint should be dismissed. Universal further relies upon the applicable statute of limitations, T.C.A. § 28-3-201 *et seq.* and § 28-3-105.

On December 16, 1997, Universal filed a motion to dismiss or for summary judgment premised on the failure of Rebound to comply with the conditions precedent in the contracts between the parties and the bar of the statute of limitations. In the alternative, Universal moved the court to stay the proceedings until plaintiff properly invokes the procedure of Article 4 of the general

-3-

conditions of the contract, including submission of the matter to arbitration. The trial court entered its order on Universal's motion on May 20, 1998, which states in pertinent part:

> [Rebound] entered into contracts with Universal for Universal to construct eight (8) group homes. The construction contracts between the parties were put on American Institute of Architect's ("AIA") contract forms. (AIA Form 101). Incorporated in the contract forms were AIA general Conditions, Document A201.

> The AIA General Conditions, Document A201, contain a procedure for the resolution of disputes before suit may be filed in court. Ultimately, any claims must be submitted to arbitration. The Court finds that Rebound/MSC failed to submit the claims against Universal to arbitration, which is a condition precedent to pursuing the instant litigation against Universal, and finds that Universal has not waived its right to have the dispute submitted to arbitration. The Court makes no other findings of fact or conclusions of law in this matter.

> As an alternative remedy, Universal seeks to have this case stayed pending plaintiff Rebound's compliance with the conditions precedent set forth in the AIA contract documents.

> On consideration of the record and Rule 56, Tenn. R. C. P., the court finds that Universal's motion for Summary Judgment is granted to the extent that the proceedings in the case are stayed until plaintiff's Rebound's compliance with the conditions precedent as provided in the AIA contract documents. The court finds it unnecessary to consider the remainder of Universal's motion.

> Universal's motion to dismiss Rebound's Complaint, as amended, is denied.

Although objecting to arbitration, Rebound, in compliance with the trial court's order submitted the matter to arbitration. The arbitration resulted in an award in favor of Universal. By order entered June 2, 1999, the trial court denied Rebound's motion to vacate the arbitration award and granted Universal's motion to confirm the award and dismissed Rebound's complaint. The order was made final pursuant to Tenn.R.Civ.P. 54.02. Rebound has appealed and presents two issues for review. The first issue for review as stated in Rebound's brief is:

> 1. Whether the Chancery Court erred in resolving factual disputes in favor of Universal, the party moving for summary judgment, and finding (a) that the contract between Rebound and Universal

-4-

contained an arbitration clause and (b) that Universal did not waive any arbitration rights it might have had.

In its interlocutory order leading to the arbitration proceeding, the trial court found that the contracts between Rebound and Universal provided for arbitration of the dispute, and that Universal had not waived that requirement. This finding by the trial court was pursuant to Universal's motion to dismiss or for summary judgment and was found without an evidentiary hearing. A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. **Bain v. Wells**, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. **Id.** In **Byrd v. Hall**, 847 S.W.2d 208 (Tenn. 1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 [now Rule 56.06] provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

**Id.** at 211 (citations omitted) (emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. **Carvell v. Bottoms**, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. **Bain**, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. **Warren v. Estate of Kirk**, 954 S.W.2d 722, 723 (Tenn. 1997).

Rebound asserts that the contract is ambiguous and there is no proof that the parties intended for the general condition to be a part of the contract. Rebound states in its brief: "given the extensiveness and potential significance of so many of the provisions of the General Conditions – and the lack of necessity of these provisions, the redundancy, and the conflicts with the other terms of the contract – it is unreasonable for the Chancery Court to assume that the parties intended such a substantial modification of the contracts absent negotiation and absent Universal's supplying the document as part of the contract documents. At minimum, a jury question was presented as to whether the parties intended to incorporate into their contracts none, all, or part of the General Conditions and, if not, whether such incorporation would have been reasonable under the circumstances."

In ***Warren v. Metropolitan Gov't of Nashville & Davidson County***, 955 S.W.2d 618 (Tenn. Ct. App. 1997), this Court discussed the role of a court in interpreting a contract:

> Courts are to interpret and enforce the contract as written, according to its plain terms. ***Petty v. Sloan,*** 197 Tenn. 630, 277 S.W.2d 355, 358 (1955); ***Home Beneficial Ass'n v. White,*** 180 Tenn. 585, 177 S.W.2d 545, 546 (1944). We are precluded from making new contracts for the parties by adding or deleting provisions. ***Central Adjustment Bureau, Inc. v. Ingram***, 678 S.W.2d 28, 37 (Tenn. 1984); ***Shell Oil Co. v. Prescott,*** 398 F.2d 592 (6th Cir. 1968). When clear contract language reveals the intent of the parties, there is no need to apply rules of construction. An ambiguity does not arise in a contract merely because the parties may differ as to interpretation of certain of its provisions. ***Oman Construction Co. v. Tennessee Valley Auth.***, 486 F.Supp. 375 (M.D. Tenn. 1979). A contract is ambiguous only when it is of uncertain meaning and may fairly be understood in more ways than one; a strained construction may not be placed on the language used to find an ambiguity where none exists. ***Empress Health and Beauty Spa, Inc. v. Turner***, 503 S.W.2d 188, 190-91 (Tenn. 1973). We are to consider the agreement as a whole in determining whether the meaning of the contract is clear or ambiguous. ***Gredig v. Tennessee Farmers Mut. Ins. Co.,*** 891 S.W.2d 909, 912 (Tenn. Ct. App. 1994). If a contract is plain and unambiguous, the meaning thereof is a question of law for the court. ***Petty v. Sloan***, 277 S.W.2d at 358.

***Id.*** at 622-23.

Each of the four AIA contracts at issue is entitled "Standard Form of Agreement Between Owner and Contractor" and provides on page 1: "[t]he 1987 edition of AIA Document A201, General Conditions of the Contract for Construction, is adopted in this document by reference. Do not use with other general conditions unless this document is modified."

The General Conditions of the Contract for Construction - 1987 Edition states in paragraph 3 Arbitration: "[t]he A201 document incorporates ARBITRATION according to the Construction Industry Arbitration Rules of the American Arbitration Association." In addition, in article 9 of the contracts, the General Conditions are specified as the General Conditions for Construction, AIA Document A201, 1987 Edition.

The contracts on which Rebound has filed suit clearly and specifically state that the General Conditions form a part of the contract and there appears to be no ambiguity in the provision for arbitration and the other provisions of the contract. The chancery court correctly found that the contracts involved in this case provide for arbitration.

In this interlocutory order, the trial court also ruled that Universal had not waived the

arbitration provisions of the contracts. Tennessee courts have recognized the value of arbitrating as an alternative to litigation. In *Arnold v. Morgan Keegan & Co.,* 914 S.W. 2d 445 (Tenn. 1996), our Supreme Court stated:

> [a]rbitration is attractive because it is a more expeditious and final alternative to litigation.
>
> The very purpose of arbitration is to avoid the courts insofar as the resolution of the dispute is concerned. The object is to avoid what some feel to be the formalities, the delay, the expense and vexation of ordinary litigation. Immediate settlement of controversies by arbitration removes the necessity of waiting out a crowded court docket....

*Arnold,* 914 S.W.2d at 449 (quoting *Boyd v. Davis*, 127 Wash.2d 256, 897 P.2d 1239, 1242 (1995)(*en banc*) (citation omitted)).

T.C.A. § 29-5-303 (1999 Supp.) enables courts to make a summary determination in certain instances as to whether a party is entitled to arbitration. Upon the application of a party for a determination of whether there is an agreement to arbitrate, T.C.A. § 29-5-303 (a) provides that from the denial of an existence of an agreement to arbitrate, the court shall proceed summarily to a determination of the issue so raised. T.C.A. § 29-5-303 (b) provides that the court may stay an arbitration proceeding when there is no agreement to arbitrate and may try such an issue summarily. The trial court in the instant case found on motions presented that there was an agreement to arbitrate, and we have noted that the trial court correctly made this determination in the summary proceeding. The trial court also determined summarily that there had been no waiver of this contractual provision.

Waiver is an intentional relinquishment of a known right. *Baird v. Fidelity-Phenix Fire Ins. Co.*, 178 Tenn. 653, 162 S.W.2d 384 (1942). In *Baird*, the Court said:

> In the opinion of the Supreme Court of Massachusetts, in *Farlow v. Ellis et al.,* 15 Gray 229, 81 Mass. 229, at page 231, dealing with a contract of sale, occurs this pertinent statement of the doctrine of waiver:
>
> > When there is a condition made at [or in] the contract of sale favorable to the vendor, and solely for his benefit, he may, if he choose, [or elect], waive it, and treat the contract as if no such condition had been embraced in it. Waiver is a voluntary relinquishment or renunciation of some right, a foregoing or giving up of some benefit or advantage, which, but for such waiver, he would have enjoyed. It may be proved by

express declaration; or by acts and declarations manifesting an intent and purpose not to claim the supposed advantage; or by a course of acts and conduct, or by so neglecting and failing to act, as to induce a belief that it was his intention and purpose to waive.

*Id*. at 389.

In ***Koontz v. Fleming***, 117 Tenn. App. 1, 65 S.W.2d 821 (1933), this Court stated:

"Evidence of Waiver –1. In General. Waiver is a matter of fact to be shown by the evidence. It may be shown by express declarations manifesting an intent and purpose not to claim the supposed advantage, or it may be shown by a course of acts and conduct, and in some cases will be implied therefrom. It may also be shown by so neglecting and failing to act as to induce a belief that there is an intention or purpose to waive. Proof of express words is not necessary, but the waiver may be shown by circumstances, or by a course of acts and conduct which amounts to an estoppel.

"2. Burden of Proof. The burden is upon the party claiming the waiver to prove it by such evidence as does not leave the matter doubtful or uncertain; but he is only required to prove it by the preponderance of evidence, as in other civil actions.

"3. Weight and Sufficiency. It is also necessary that the acts, conduct, or circumstance relied upon should make out a clear case of waiver."

*Id*. at 824-825 (quoting 40 Cyc.., 267).

In ***Prewitt v. Bunch***, 101 Tenn. 722, 50 S.W. 748 (1899), our Supreme Court stated:

To constitute an abandonment or waiver, there must be a clear, unequivocal, and decisive act of the party, showing a determination not to have the benefit in question, with a full knowledge of his rights in the premises. ***Gentry v. Gentry***, 1 Sneed, 87; ***Traynor v. Johnson,*** 1 Head. 52; ***Masson v. Anderson***, 3 Bax., 290; Schouler's Dom. Rel., Sec. 189.

*Id.* at 742.

Our Supreme Court has noted that the right to arbitration can be waived under the equitable principles of estoppel, *laches*, or waiver. ***See Cavalier Ins. Corp. v. Osmond***, 538 S.W.2d 399, 405 (Tenn. 1976).

Rebound has cited in his brief numerous cases holding that under the specific facts involved, the waiver of the right to arbitrate has been shown. On the other hand, Universal has cited in its brief numerous cases holding that under the specific facts involved, the waiver of the right to arbitrate has not been shown, or, in some case, if there has been an waiver, there was no prejudice to the other party. We see no use or purpose in prolonging this opinion to discuss these particular cases, since each case must be decided on the basis of its particular facts. In Annotation, Defendant's Participation in Action as Waiver of Right to Arbitration of Dispute Involved Therein, 98 ALR3d 771, it is stated:

> In general, even in those jurisdictions where a contract for arbitration is irrevocable, the right to arbitration under the contract may be waived either by express words or by necessary implication, for example, where the conduct of a party clearly indicates an intent to waive the right to arbitrate. In those cases involving the issue of whether the defendant's participation in an action constitutes a waiver of the right to arbitrate the dispute involved therein, no general rules are readily apparent for determining waiver other than the general adherence by the courts to the principle that waiver is to be determined from the particular facts and circumstances of each case, or other than the rule, applied by the courts in some recent cases, that it is the presence or absence of prejudice, and not the inconsistency of the defendant's conduct, which is determinative of the issue of waiver of the right to arbitration.

In the instant case, there are disputes as to material facts and disputes as to inferences to be drawn from the material facts. Rebound's initial complaint was filed in 1994. While Univeral's answer stated that the contract required arbitration, there was no demand made for arbitration at that time. A demand for arbitration was finally made alternatively to a motion for summary judgment filed December 16, 1997. In the meantime, Universal participated in the litigation process. The record reflects that Universal did not demand arbitration, but merely included that as an affirmative defense in its answer and then proceeded to answer the complaint in its entirety. Universal participated in the discovery proceedings and responded to discovery requests from Rebound. Universal benefitted from the production of documents and other discovery proceedings and participated in the scheduling orders of the court. Universal only sought to compel arbitration after the litigation had been going on for over three years. When the matter was submitted to arbitration pursuant to the court's order, Universal's primary defense was the untimeliness of the arbitration proceeding brought about by Rebound's failure to file the arbitration at an earlier date. Of particular significance is that in April of 1995, Universal's attorney requested an extension of time within which to respond to Rebound's discovery request. There is evidence that a request for an extension

of time was for the express purpose of making the determination of whether Universal would demand arbitration or not. A letter dated April 28, 1995, from Universal's counsel to one of Rebound's lawyers, states:

> Gregory Mitchell
> Doramus & Trauger
> The Southern Turf Bldg.
> 222 Fourth Ave. North
> Nashville, TN 37219
>
> Re: Rebound Care
>
> Dear Greg:
>
> You should check with your boss before filing motions to compel. I spoke with Jim this morning and explained why no answers had been filed. I explained that we had been considering a motion to compel arbitration, a copy of which I was planning to file yesterday, but that Universal had not made the final decision on whether to insist on arbitration or not. Jim agreed to an extension, noted that he was very tied up with the Earthman matter, and suggested that I check with Universal and determine how much time was needed. He indicated he would agree to an order allowing a reasonable amount of additional time. Much to my surprise, someone hand delivered a motion to compel along with a certification that you had made a good faith effort to resolve the matter. To my knowledge, the only communication I received from you was a letter dated a week ago demanded answers.
>
> Please strike the motion. If you have any questions feel free to contact me.
>
> Very truly yours,
>
> BOULT, CUMMINGS, CONNERS & BERRY
> By: H. Frederick Humbracht, Jr.

It further appears from the record that by August of 1995, the discovery requests had not been answered, and counsel for Rebound wrote a letter to Universal's counsel on August 21, 1995, and it states:

> H. Frederick Humbracht, Jr., Esq.
> Boult, Cummings, Conners & Berry

-10-

414 Union Street, Suite 1600
Nashville, TN 37219

Re: <u>Rebound Care Corporation d/b/a Open
Arms Care Corporation v. Barge, Waggoner
Sumner and Cannon, Incorporated, et al</u>
Docket No. 94-444-I

Dear Rick:

We need Universal's answers to interrogatories to move this case along. As you know, these answers were due several months ago, but we delayed in filing a motion to compel because you indicated that Universal was still deciding how to proceed. We believe that we have provided ample time for Universal to examine the case, and, therefore, if Universal has not answered the interrogatories by September 5, 1995, we will file a motion to compel these answers. We cannot agree to any further extensions of time in which to respond.

Please call Paul Ney or me if you have any questions.

Sincerely yours,

Gregory Mitchell

The record further indicates that Universal thereafter participated in the litigation process and filed its motion which alternatively sought arbitration on December 16, 1997.

We have not exhaustively related the record, because the above is sufficient to show that there are disputed issues of material fact or disputed inferences to be drawn from the facts as to whether there was a waiver of the right to arbitrate. Under these circumstances, the trial court's summary disposition of the waiver was error, and the case must be remanded for further proceedings in that regard.

Although the case is being remanded for further proceedings concerning the waiver issue, we feel that we should in the interest of judicial economy consider the second issue, which is stated:

2. Whether the arbitration panel denied Rebound its right under T.C.A. § 29-5-306 to a proper evidentiary hearing on the claims and defenses at issue in the proceeding.

Rebound asserts that the trial court erred in confirming the award of the arbitrators and

-11-

denying Rebound's application to vacate the award. Rebound argues that the trial court should have vacated the award pursuant to T.C.A. § 29-5-313 (a)(4)(Supp. 1999) which states in pertinent part: "The arbitrators . . . refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of § 29-5-306 as to prejudice substantially the rights of a party." Rebound asserts that it had witnesses to testify, and the panel refused to hear such testimony. Rebound does not point out in its brief, nor have we found in the record, that Rebound requested and was denied the right to put on any proof in the arbitration proceeding. There is simply nothing in the record to indicate that Rebound was denied its right. Therefore, the trial court did not err in confirming the award and denying Rebound's application to vacate the award.

Accordingly, the order of the trial court holding that Universal did not waive the right to arbitration dismissing Rebound's complaint is vacated. The order of the trial court in all other respects is affirmed. The case is remanded to the trial court for such other proceedings as are necessary consistent with this Opinion. Costs of appeal are assessed one-half to Rebound Care Corporation and one-half to Universal Constructors, Inc.